## FERGUSON v. SMETHERS.

CRIMINAL CONVERSATION.—*Evidence.*—*Character of Wife.*—*Mitigation of Damages.*—In an action for criminal conversation, the circumstances attending the adultery—as to whether the wife was sought and importuned by her paramour, and overcome by persuasion, or whether she sought him,

or threw herself in his way, and willingly consented—may be given in evidence in mitigation of damages.

SAME.—*Measure of Damages —Instruction to Jury*—An instruction to the jury, on the trial of such cause, that, in determining the question of damages, they might consider "the injury to the happiness, reputation and honor of" the plaintiff's "family," was erroneous.

From the Boone Circuit Court.

*S. H. Buskirk, J. W. Nichol, W. B. Walls, J. T. Dye,* and *J. R. Wilson,* for appellant.

*J. N. Sims* and *S. Vanton,* for appellee.

BIDDLE, J.—The appellee brought this action against the appellant, for the alleged criminal conversation of the appellant with the appellee's wife.

Answer of denial; trial by jury; verdict and judgment, in favor of appellee, for twenty-five hundred dollars.

By a motion for a new trial, several questions are presented by the record, but none are discussed except certain alleged errors in giving instructions to the jury.

The court instructed the jury as follows:

" The defendant can not insist, in mitigation of damages, that the wife consented to the adultery. She had no right or legal capacity to yield such consent."

This instruction is erroneous. The circumstances attending the adultery—as to whether the wife was sought and importuned by her paramour, or whether she sought or threw herself in the way of her paramour, and as to whether she was overcome by persuasion, or gave herself away willingly—may be given in evidence, as affecting the question of damages. In this case the evidence tends to prove that the wife went into a cornfield to meet her paramour, and therein, upon the ground, in a fence corner, had sexual connection with him. Upon such a state of facts, the instruction is clearly incorrect. It has been tersely said, that, in an action for criminal conversation, " the measure of damages is the value of the wife of whom the hus-

band has been deprived." 2 Sedgwick Damages, 517, note.

A wife that will go to a cornfield to meet her paramour, and have adulterous intercourse with him, on the ground, in a fence corner, is much less valuable to her husband than one who stays at home and demeans herself becomingly. See the following authorities: *Harrison* v. *Price*, 22 Ind. 165; *Coleman* v. *White*, 43 Ind. 429; *Clouser* v. *Clapper*, 59 Ind. 548; *Bracy* v. *Kibbe*, 31 Barb. 273; *Voltz* v. *Blackmar*, 64 N. Y. 440.

The court also instructed the jury as follows:

" 15. If the plaintiff has established his right to recover, the jury, in determining the question of damages, may consider the injury to his domestic peace and happiness, the alienation of the affections and the society of his wife, if such alienation is proved, the wrong inflicted upon his honor, and the injury to the happiness, reputation and honor of his family."

We think the latter part of this instruction, expressed in the following words: " and the injury to the happiness, reputation and honor of his family," is erroneous. A family is that body of persons, collectively, who live in one household, under one head, including parents, children and servants, and may include persons who are merely lodgers or boarders. The evidence in this case shows us that the family of the appellee consisted of the parents and seven children, the oldest seventeen and the youngest four years. Injury to these children does not constitute an element of damages in favor of the appellee. He can recover only for injuries to himself, for the loss of his wife. See the authorities *supra*. This instruction should not have been given.

The judgment is reversed, at the costs of the appellee, and the cause is remanded, for further proceedings.