[No. 1647.   Decided February 7, 1895.]

EXCHANGE NATIONAL BANK OF SPOKANE, *Respondent*, v. W. M. WOLVERTON *et ux.*, *Appellants*.

ACTION ON PROMISSORY NOTE — ATTORNEY'S FEES — MORTGAGE BY BOTH SPOUSES SECURING HUSBAND'S NOTE — LIABILITY OF WIFE.

Under § 803, Code Proc., in giving judgment upon a promissory note, the plaintiff is entitled to judgment for attorney's fee in the amount specially contracted to be paid by the terms of the note, even if the same might otherwise be deemed excessive in amount.

Personal judgment against the wife is unwarranted in a foreclosure suit upon a mortgage executed by her husband and herself to secure the payment of the husband's promissory note, which was past

due at the time of the execution of the mortgage, although the latter instrument may provide that the mortgagors would pay the note when the same should become due.

*Appeal from Superior Court, Spokane County.*

*Jones, Belt & Quinn,* for appellants.

*Jones, Voorhees & Stephens,* for respondent.

The opinion of the court was delivered by

GORDON, J.—One of the questions, and the main question, involved in this case is whether a national bank, doing business in this state, can receive or take a higher ʼrate than seven per cent. interest on money loaned, under the laws of this state and under §§ 5197 and 5198 of the Revised Statutes of the United States. This question has received our consideration in case No. 1619, between the same parties, at this term (*Wolverton v. Exchange National Bank, ante,* p. 94), and for the reasons there given we hold that the ruling of the lower court upon this question was right.

Two additional questions remain for our determination. Plaintiff brought this action upon a promissory note for $12,022.50, made by appellant W. M. Wolverton, secured by a mortgage executed by himielf and appellant Maggie Wolverton, his wife; which note contained the following stipulation:

"And in case suit or action is instituted to collect this note, or any portion thereof, I promise and agree to pay, in addition to the costs and disbursements provided by statute, $1,000 in like gold coin for attorney's fees in said suit or action."

Upon the trial of the cause the lower court allowed and included in the judgment $1,000 attorney's fees; which judgment was made a personal judgment against both appellants; and also decreed a sale of the mortgaged premises.

The appellants urge, first, that the court erred in including in the judgment the amount stipulated in the note to be paid as attorney's fees, in event of suit being instituted.   This objection, we think, is fully answered by the statute, § 803, Code of Procedure, which reads:

"In all judgments on promissory notes, and similar instruments in writing, whether secured by mortgage or not, an attorney's [fee] may be allowed when specially contracted to be paid by the terms of the note or mortgage in any amount so specially contracted."

Secondly, it is contended that the court erred in rendering a personal judgment against appellant Maggie Wolverton, who was not a party to the note.   The mortgage given to secure the note contains this printed clause: "That they [the mortgagors] will pay said note and interest thereon as expressed when from any cause the same shall become due."   The note was in fact due when the mortgage was executed.   We do not think that this amounts to an undertaking on the part of Maggie Wolverton to become personally liable for the payment of the note; nor that a fair construction of the whole instrument, in connection with the fact that the note was due when the mortgage was executed, admits of such a liability.   We are disposed to agree with the contention of appellants' counsel, that it "fails to furnish that clear proof necessary to establish a collateral undertaking to become personally liable for another's debt."

The cases of *Brown v. Cascaden*, 43 Iowa, 103, and *Newbury v. Rutter*, 38 Iowa, 179, cited by respondent, are not in point; nor do we think the case falls within, or is controlled by, the provisions of § 628 of the Code of Procedure.   We think that section is applicable only to a case where there is either no "separate instrument," and the mortgage contains an express agreement

to pay a sum certain, or where the maker of the mortgage is also the maker of the "separate instrument." Here the wife was not a party to the contract of indebtedness (which in this case is the note), and it is not sufficiently clear that she intended to bind herself beyond the extent of the property mortgaged. *Knoll v. Kiessling*, 23 Or. 8 (35 Pac. 248).

The cause will be remanded and the lower court directed to modify the judgment to this extent, and when so modified it will be affirmed; neither party to recover costs on this appeal.

HOYT, C. J., and SCOTT, ANDERS and DUNBAR, JJ., concur.