[No. 2196. Decided June 9, 1896.]

Joseph Haywood, *Appellant,* v. P. B. M. Miller *et al.,* *Respondents.*

NEGOTIABLE INSTRUMENTS — RATE OF INTEREST — ATTORNEY'S FEES.

Where a promissory note provides for interest " at the rate of six per cent. per annum from date until paid," and contains a further provision that it should " bear interest at the rate of twelve per cent. per annum payable semi-annually from maturity," the holder, upon action after maturity is entitled to judgment for twelve per cent. interest dating from the maturity of the note until payment of the judgment.

Where a mortgage provides for an attorney's fee of twenty per cent. of the entire amount due, which sum is claimed by the plaintiff upon foreclosure, the court cannot upon rendering a decree award the plaintiff a less sum.

Appeal from Superior Court, King County.— Hon. J. W. LANGLEY, Judge.   Decree modified.

*C. L. Parker*, for appellant.

*Per Curiam.*—The plaintiff brought an action to recover the amount due upon a promissory note executed by the defendants Miller to the plaintiff November 25, 1889, and to foreclose a mortgage given to secure the same.   The defendants did not appear, and default was entered against them.

The court found the facts in favor of the plaintiff as pleaded and found that the note provided that it should bear interest at the rate of twelve per cent. per annum after maturity and that the mortgage provided for an attorney's fee of twenty per cent. of the entire amount due, but in rendering its decree thereon, the court only allowed the plaintiff interest upon the principal sum at the rate of twelve per cent. from the time the note became due until the decree was entered, and thereafter provided that it should draw but six per cent. and allowed an attorney's fee of but $350, while the amount found due on the note was over $6,000.   The plaintiff objected to the partial disallowance of said matters and at the time of the entry of the decree gave notice of appeal in open court and deposited the sum of $200 in lieu of a cost bond.

None of the defendants have appeared in this court, and no reason is apparant to us why the relief sought should not be granted.   Although the note contained a provision that it should bear interest " at the rate of six per cent. per annum from date until paid," it also

contained the provision that it should " bear interest at the rate of twelve per cent. per annum payable semi-annually from maturity, and, therefore, to give any effect to the latter provision the first one must be construed as providing for a rate of interest from the date of the note until its maturity only.

The cause will be remanded with instructions to enter a decree for the increased rate of interest and the attorneys' fee as claimed, but as none of the defendants have seen fit to resist the plaintiff's demands either in the lower court or in this one, we are of the opinion that he should not recover the costs of the appeal, and it is so ordered.