[No 2126. Decided August 20, 1896.]

GAMMA PONCIN, *Respondent*, v. JACOB FURTH *et al.*, *Administrators, Appellants*.

JURY — PEREMPTORY CHALLENGES — WAIVER — ACTION ON DECEDENT'S NOTE — EVIDENCE — PROOF OF HANDWRITING — PRESUMPTIONS — JUDGMENT FOR ATTORNEY FEES — STATUTES — VOID AMENDMENT.

Under the provisions of Code Proc., § 348, governing peremptory challenges, the defendant cannot proffer a peremptory challenge to a juror on the panel, when the jury has been passed for cause and the defendant has failed to peremptorily challenge such juror until after several talesmen have been called and examined in place of jurors excused at the peremptory challenge of the plaintiff, as the right of challenge must be exercised alternately by the adverse parties.

The testimony of a witness as to the signature of a decedent is sufficient to go to the jury, when it appears that the witness had been intimately acquainted with the deceased for a period of forty years, a part of the time in partnership, that their business relations were extensive and frequent, and that he had often seen the deceased sign his name, and was as familiar with the handwriting of deceased as with his own, and had no doubt that the signature in evidence was that of deceased.

A witness is competent to testify to his opinion as to the genuineness of handwriting, after showing knowledge of the handwriting, founded on adequate means of knowledge, there being no precise standard fixing the degree of knowledge necessary.

The rule that a valuable consideration for a note is presumed from the proof of due execution and the production of the note by a plaintiff, applies alike in actions against the maker while alive, and in actions against his administrators upon the rejected claim founded upon such note.

The attempted amendment of § 1468, Code 1881, by reference to its section number, in the act of 1883, being ineffectual, such section continues in force as now incorporated in Code of Procedure as § 980.

In an action on a promissory note, plaintiff is entitled, under Code Proc., § 803, to judgment for an attorney's fee in any amount specially contracted for.

Appeal from Superior Court; King County.— Hon. RICHARD OSBORN, Judge. Affirmed.

*Carr & Preston, White, Munday & Fulton,* and *H. E. Shields,* for appellants.

*Struve, Allen, Hughes & McMicken,* for respondent. ·

The opinion of the court was delivered by

GORDON, J.— The appellants are administrators of the estate of Henry L. Yesler, deceased, and appeal from a judgment of the superior court of King county, rendered in an action by respondent upon the promissory note of the said Yesler. The complaint in the action alleges in substance that the said Yesler on the 2d day of December, 1890, for value received, duly made and delivered his promissory note payable to the order of the respondent, said note being for the sum of $23,477.22, bearing interest at one per cent. per month from date, payable at maturity, said note being payable " twenty years after date without grace or upon my death should I die before twenty years." The note also contains provision for the payment of five per cent. attorney's fees in case of suit or action upon the note. The complaint further alleged the presentation of the claim to the defendants as administrators and that the same was rejected by them; that respondent is the owner and holder of the note and that the same has not been paid. All of the allegations of the complaint were

denied by the answer save only the allegation relating
to the presentation and rejection of respondent's
claim by the administrators, which allegation is ex-
pressly admitted.

The appellants complain of the ruling of the court
in disallowing their peremptory challenges to jurors
Bradley and Carpenter. The record discloses that
both plaintiff and defendants had examined the jurors
as to their qualifications and "passed for cause."
Thereupon the plaintiff interposed a peremptory chal-
lenge to one of the jurors and the juror having been
excused, another was called, examined and passed by
both parties. Thereupon counsel for the defendants
remarked, "We will take the jury." The plaintiff
proceeded to exercise a second peremptory challenge
and another juror having been called, examined and
passed for cause, defendants' counsel proffered a chal-
lenge to juror Bradley, who was on the panel when
counsel for defendants had waived their first peremp-
tory challenge. The court refused to allow the chal-
lenge, holding that defendants had waived their right
of challenge as to jurors in the box at the time when
defendants were called upon to take their first per-
emptory and could only exercise the right as to jurors
thereafter called.

We think the ruling was right. Sec. 348, Code of
Procedure (Vol. 2, Hill), is as follows:

"The jurors having been examined as to their
qualifications, first by the plaintiff and then by the
defendant, and passed for cause, the peremptory chal-
lenges shall be conducted as follows, to wit:—The
plaintiff may challenge one, and then the defendant
may challenge one, and so alternately until the per-
emptory challenges shall be exhausted. The panel
being filled and passed for cause, after said challenge
shall have been made by either party, a refusal to

challenge by either party in the said order of alterna-
tion shall not defeat the adverse party of his full
number of challenges, but such refusal on the part of
the plaintiff to exercise his challenge in proper turn
shall conclude him as to the jurors once accepted by
him, and if his right be not exhausted, his further
challenges shall be confined, in his proper turn, to
talesmen only."

Counsel for the defendants insist that the rule
adopted by the court is applicable only to the plain-
tiff. The statute is incomplete, but we do not think
that the legislature could have intended to prescribe
one rule for the plaintiff and a different one for the
defendants. The construction contended for by ap-
pellants would be most unjust to a plaintiff and its
adoption would not place the parties to the contro-
versy upon an equal footing, as we think the legisla-
ture intended that they should be. Jurors Carpenter
and Bradley were in the box when the defendants
were called upon to exercise their first peremptory
challenge. They were then afforded an opportunity
of challenging one of said jurors. They elected to
waive that right and were thereafter properly re-
stricted in exercising subsequent challenges to jurors
thereafter called.

Cases cited by the appellants from Michigan and
California are not regarded by us as being applicable,
inasmuch as the subject in those states appears to be
unaffected by statute, but were we to adopt the con-
struction claimed for this statute by appellants' coun-
sel, we think the ruling of the court should be regarded
as harmless error merely, inasmuch as we have con-
cluded from an examination of the evidence that the
jury would not have been warranted in finding for the
defendants. The evidence was all one way and it was
sufficient to have warranted a peremptory instruction

in favor of respondent. The answer consisted of denials and no affirmative defense was set up. The proof upon the part of the plaintiff was full and ample and the verdict the only one which could be permitted to stand, no matter what the personnel of the jury.

2. We do not think that the court committed any reversible error in overruling defendants' objections to the several questions propounded to witnesses examined by the respondent, or in denying the several motions to strike out the testimony of said witnesses. There was no subscribing witness to the note, nor was any one produced who claimed to have seen the deceased sign it. Various parties were examined, however, who showed themselves to be familiar with the handwriting of the deceased. The witness Denny, for example, testified that he had been intimately acquainted with the deceased for upwards of forty years, a portion of which time he was in partnership with him; that his business relations with him were extensive and frequent, and that he had frequently seen the deceased sign his name. Witness added, "I might say I was almost as familiar with his handwriting as I was with my own." Thereupon the witness being shown the note in suit gave it as his opinion that the signature was the signature of the deceased, adding: "I have no doubt of that being his signature." Similar testimony was given by other witnesses. Appellants insist that no proper foundation had been laid for this testimony and that none of the witnesses were shown to be competent to give an opinion as to the genuineness of the signature in question.

"There is no precise standard fixing the degree of knowledge necessary. The question of qualification

depends rather on the source of knowledge than its degree. . . . After showing knowledge of the handwriting . . . ' founded on adequate means of knowledge, the witness may testify to his belief or his opinion, as to genuineness; and this evidence is sufficient to go to the jury in proof of execution." Abbott, Trial Evidence, pp. 394, 395.

3. It is next insisted that the court erred in overruling defendants' objection to the introduction in evidence of the note. The objection is that there was no sufficient proof that it was made for a valuable consideration or of its delivery and non-payment. Appellants concede that while in an action upon a note against the maker, these would be presumed from the proof of due execution and production of the note by a plaintiff, still in this action the suit is not upon the note, but upon the *rejected* claim, and that no presumptions will be indulged as against the administrators of the deceased maker.

As already noticed the answer to the suit contains denials only; payment and want of consideration are affirmative defenses and should be pleaded. We are cited to no authority which supports the contention that the rules of evidence are changed when a suit is brought upon negotiable paper against the legal representative of a deceased person and that "the death of the maker . . . wipes out the presumptions and rules of evidence which control such paper among living persons."

The contrary doctrine is recognized in *Carnright v. Gray*, 11 N. Y. Supp. 278; also, *Garrigus v. Home, Frontier & Foreign Missionary Society*, 3 Ind. App. 91 (28 N. E. 1009).

4. Upon the trial the court over the objection of appellants permitted the claim which had been rejected by the administrators and the letter accom-

panying the rejection to be introduced. The purpose for which these were offered is stated by the respondent's counsel to have been to show that the administrators had required no vouchers of the plaintiff as they were by law authorized to do. We think the proof was competent; also, that it was quite immaterial under the pleadings. It was at most a harmless error, and does not justify argument.

5. The verification to the claim presented to the administrators was sufficient under § 980, Code Proc., and that section was in full force at the time when the verification was made. *State v. Halbert,* 14 Wash. 306 (44 Pac. 538).

6. The effect of the verdict and judgment is determined and controlled by the statute, § 990, Code Proc. (Vol. 2, Hill), and their form is of the least importance.

7. It was not error for the court to include the attorney fee provided for by the note. *Wolverton v. Exchange National Bank,* 11 Wash. 94 (39 Pac. 247).

An examination of the entire record fails to disclose any reversible error and the judgment will be affirmed.

HOYT, C. J., and SCOTT, ANDERS and DUNBAR, JJ., concur.