[No. 2339. Decided November 16, 1896.

BLANCHE BUTLER AMES, *Respondent*, v. EMELINE BIGE-
LOW *et al.*, *Appellants.*

MORTGAGE FORECLOSURE — INSUFFICIENCY OF EVIDENCE — STIPULATION
FOR ATTORNEY'S FEES.

A finding by the court in a foreclosure proceeding that a mortgage
had become due prior to the date of its maturity is warranted, when
the mortgage provides that the mortgagee has an option to declare
the whole sum due for failure to pay any installment of interest, and
there is evidence sufficient to show such election.

The action of the court in allowing the attorney's fee provided in
a note and mortgage as payable in case of foreclosure is warranted,
although there is no other proof of the value of services in such pro-
ceedings t an the agreement contained in the instruments sued upon,
which had been introduced in evidence.

Appeal from Superior Court, King County.—Hon.
J. W. LANGLEY, Judge. Affirmed.

*Robinson & Rowell,* for appellants.
*Elder & Harger,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—This appeal is from a decree foreclos-
ing a mortgage made by the appellants to the respond-
ent. Three errors are assigned. The first is founded
upon the finding by the court that the mortgage was
due; the second, upon the ruling of the court in re-
fusing to allow one of the appellants to testify as to
what he did on the strength of certain letters received
from the husband of the respondent; and the third,
upon the action of the court in allowing the sum of
$500 as attorneys' fees.

As to the first, it is sufficient to say that there was
abundant proof to show that the respondent had, un-

der the terms of the mortgage, elected to declare the whole sum due by reason of the non-payment of installments of interest; and the letters from the husband of respondent, relied upon by the appellants to show that there had been no such election, were entirely insufficient for that purpose.

The second assignment is without merit, for the reason that the letters referred to were not such as to show any change in the relation of appellants to the principal and interest provided for in the mortgage and note thereby secured.

The third assignment is founded upon the alleged fact that the court fixed the attorneys' fees without any proof having been introduced which would authorize such action on its part; but in making this claim appellants have overlooked the fact that the mortgage and note were introduced in evidence and that therein it was stipulated by the appellants that, in case of foreclosure, $500 should be included in the decree for attorneys' fees.

We find no error in the record and the judgment will be affirmed.

GORDON, ANDERS, SCOTT and DUNBAR, JJ., concur.