[No. 2707. Decided February 2, 1898.]

EDMUND D. SCHOLEY, *Respondent*, v. JAMES P. DeMAT-
TOS, *Appellant*.

PROMISSORY NOTES — ATTORNEY'S FEE — ALLOWABLE AS STIPULATED
DAMAGES — PLEADING AND PROOF.

Under Code Proc., § 803, providing for the allowance in a judgment on a promissory note or mortgage of the amount of attorney's fee specially contracted in the instrument to be paid in case of suit, the amount contracted for must be construed as stipulated damages to which the plaintiff is entitled, although the sum allowed may greatly exceed the value of the services rendered.

In an action upon a note and mortgage to which the only defenses pleaded are a general denial and an allegation that the attorney's fee claimed is excessive and unreasonable, evidence on the part of defendant is not admissible for the purpose of proving that the contract between plaintiff and his attorney for fees in such action is for a sum much smaller than the attorney's fee provided for in the note and mortgage.

The rule that in equity proceedings the pleadings may be considered as amended in accordance with the proof offered, cannot be invoked when it would work an injury to the other party by taking him by surprise and by compelling him to litigate an essential question concerning which he had had no notice.

Appeal from Superior Court, Whatcom County.—Hon. H. E. HADLEY, Judge. Affirmed.

*Kerr & McCord*, for appellant:

The true intent and purpose of the provision for attorney's fees is the holding of the plaintiff harmless from cost and expense of a suit to foreclose. Such contract for attorney's fees is in some sense under the power of the court and ought not to be enforced by it, unless it plainly appears to be reasonable and just. *Burns v. Scoggin*, 16 Fed. 737. No fee should be allowed as reasonable which is to be divided with the plaintiff to increase the amount of interest over that stipulated for in the mortgage. *Broadbent v. Brumback*, 16 Pac. 558; *Wilson Sewing Machine Co. v. Moreno*, 6 Sawy. 35; *Tallman v. Truesdell*, 3 Wis. 443; *Jaquith v. Hudson*, 5 Mich. 123; *Balfour v. Davis*, 12 Pac. 89; *Myer v. Hart*, 40 Mich. 517 (29 Am. Rep. 553); *Daly v. Maitland*, 88 Pa. St. 384 (32 Am. Rep. 457).

Inasmuch as a plaintiff cannot recover his attorney's fees in case he personally prosecutes the suit, we think it logically follows that he cannot have taxed against the mortgagor that portion of the attorney's fee which, under arrangement with his counsel, goes to him. 2 Jones, Mortgages, §1606; *Patterson v. Donner*, 48 Cal. 380; *Reed v. Catlin*, 49 Wis. 686.

*O. G. Ellis*, for respondent.

The opinion of the court was delivered by

Dunbar, J.—This was an action commenced in the superior court of Whatcom county by respondent against appellant to foreclose a real estate mortgage executed to secure the payment of a promissory note amounting to $12,000. The answer was a general denial and an allegation that the attorney's fee claimed by respondent was excessive and unreasonable. An attorney's fee of $1,600 was

fixed by the provisions of the mortgage, and this amount
was allowed by the court. The appellant offered to show
by different practicing attorneys in Whatcom county that
the reasonable and current fees for the services incident
to the foreclosure of this mortgage would not exceed the
sum of $200. The court refused to admit such testimony.
Appellant also offered to show by the attorney for the re-
spondent that he was to receive not to exceed $200 for the
foreclosure of the mortgage. The court refused to allow
the witness to testify upon this subject on the ground that
it was immaterial, to which appellant also excepted. The
court refused to permit the appellant to introduce any testi-
mony tending to show what was a reasonable attorney's
fee, so that it will be seen that the only question to deter-
mine in this case is whether a mortgagor is bound by the
attorney's fee provided in the note and mortgage, where
such fee is expressly provided. It has been frequently de-
cided by this court that where an attorney's fee was agreed
upon in a note or mortgage the payor or mortgagor, as the
case might be, was bound for the amount stipulated in said
note or mortgage. This question was expressly decided in
*Exchange National Bank v. Wolverton,* 11 Wash. 108 (39
Pac. 248); *Watson v. Sawyer,* 12 Wash. 35 (40 Pac. 413);
*Haywood v. Miller,* 14 Wash. 660 (45 Pac. 307); *Poncin
v. Furth,* 15 Wash. 201 (46 Pac. 241); *Ames v. Bigelow,*
15 Wash. 532 (46 Pac. 1046); and the same proposition
in substance has been decided in many other cases. It is
conceded by the appellant that such has been the uniform
decision of this court, but he asks the court to again enter
into an investigation of the question and insists that the
amount of attorney's fee provided in this instrument, over
and above the amount which is necessary to pay for the le-
gal services in foreclosing the mortgage, is in the nature
of a penalty and should not be enforced by the courts.

Many cases are cited by the appellant holding in substance that contracts for attorney's fees are under the power of the court and ought not to be enforced by it unless it plainly appears to be reasonable and just, and this is no doubt a correct and wholesome principle in cases where such contracts are under the power of the court, as they were in the cases cited. But in this state the legislature, exercising its legal authority to legislate on this subject, has taken this matter out of the hands of the court and has provided in section 803 of the Code of Procedure that

" In all judgments on promissory notes, and similar instruments in writing, whether secured by mortgage or not, an attorney's [fee] may be allowed when specially contracted to be paid by the terms of the note or mortgage in any amount so specially contracted."

If this act is constitutional, and there is no contention that it is not, it seems to us that it is a plain answer to appellant's contention; the law-making power of the state has made the amount contracted stipulated damages and there is nothing left for the court to do but to enforce the contract. It may be, and doubtless is, true that abuses and oppressions have grown up under this statute, but this was a policy which was submitted to the judgment of the legislature, and, they having adopted that policy, there is no discretion left in the courts. There is a question in this case, however, which, if it had been properly presented, would call for consideration, and that is the attempt on the part of the appellant to show that a contract existed under the terms of which the attorney for the respondent was to receive a less amount for his services than the amount specified in the contract. But this question was not raised by the pleadings in this case, as we have before seen; so far as the pleadings are concerned, touching this question there was simply an allegation that the attorney's fee

claimed by respondent was excessive and unreasonable, and there is no allegation to sustain the proof offered. It is contended, however, by the appellant, that inasmuch as this is an equity proceeding, under rules announced by this court and other courts, the pleadings might be considered amended in accordance with the proof offered, but this rule must be accepted with some qualifications, and should not be invoked when it would evidently work an injury to the other party by taking him by surprise, and by compelling him to litigate an essential question concerning which he had had no notice. It is claimed by the appellant that there was no objection made to this testimony, but an examination of the record convinces us that there was a substantial objection duly made. No attempt was made to amend the pleadings when such objection was offered, and we think this was a question concerning which the respondent must have had notice so that he would have been prepared to have litigated that question. In the absence of such allegation and in consideration of the objections urged to the acceptance of the testimony offered we think it was properly rejected. The subsequent law on this subject (Laws 1895, p. 81, Bal. Code, § 5166), which was enacted after the contract in this case was made, can only be regarded as a change of legislative policy, and, in accordance with well established principles, can not affect prior contracts.

The judgment is affirmed.

SCOTT, C. J., and ANDERS and GORDON, JJ., concur.

REAVIS, J.—I concur solely on the ground of former decisions of the court, and not as an original construction of the statute.