[No. 2560.  Decided July 14, 1898.]

VERMONT LOAN AND TRUST COMPANY, *Appellant*, v. JOSEPH G. GREER *et al.*, *Respondents*.

FORECLOSURE OF MORTGAGES — ATTORNEY'S FEE.

Under Code Proc., § 803 (Bal. Code, §5166), which provides that in all judgments on promissory notes, whether secured by mortgage or not, an attorney's fee may be allowed in any amount specially contracted, the court has no power, upon rendering a decree of foreclosure, to fix the attorney's fee in any other amount than that contracted for.

Appeal from Superior Court, Whitman County.—Hon. WILLIAM McDONALD, Judge. Reversed.

*A. E. Gallagher*, and *Crow & Williams*, for appellant.

The opinion of the court was delivered by

ANDERS, J.—This action was brought by appellant to foreclose a mortgage on certain real property in Whitman county, executed by the respondents, Joseph G. Greer and

Lorette S. Greer, to secure the payment of their promissory note for $2,800 and interest. None of the defendants appeared in the action, and the default of each of them was regularly entered. The court found the facts for the plaintiff as alleged in the complaint. It was alleged, among other things, that the mortgage provided that the mortgagors would pay the sum of $300 as attorney's fees in case suit was instituted to foreclose the mortgage. The sum due on the mortgage, including principal and interest, was found by the court to be $3,004.40; but the court refused to include in the judgment the $300 attorney's fee, and, notwithstanding the objection of appellant, allowed and included therein, as such fee, the sum of $100 only, on the ground that the amount stipulated for was unjust and unconscionable. From this ruling of the court this appeal was taken. The appellant bases its claim for the full amount of the attorney's fee contracted for in the mortgage upon § 803 of the Code of Procedure (Bal. Code, § 5166), which reads as follows :

" In all judgments on promissory notes, and similar instruments in writing, whether secured by mortgage or not, an attorney's fee may be allowed when specially contracted to be paid by the terms of the note or mortgage in any amount so specially contracted."

And it would seem obvious from the language employed that it was not the intention of the legislature to confer discretionary power upon the courts to alter or modify contracts for attorney's fees embodied in notes or mortgages, or to allow or disallow such fees upon their own motion merely, but, on the contrary, to prevent the exercise of such power. This statute says an attorney's fee may be allowed " in any amount so specially contracted "—not in any amount deemed by the court more reasonable. This court has always considered this section as mandatory, and any

other construction would deprive it of all force and effect, and would render it entirely nugatory, if not meaningless. Indeed, if the words "in any amount so specially contracted" were eliminated, we would still be obliged, under the well settled rule of construction, to hold the provision peremptory.

"Permissive words in respect to courts or officers are imperative in those cases in which the public or individuals have a right that the power so conferred be exercised." Sutherland, Statutory Construction, § 462.

See, also, Black, Interpretation of Laws, pp. 155, 166; *Supervisors v. United States*, 4 Wall. 435.

Here it is plain that appellant has a right that the power conferred by this statute be exercised in its favor. But we have so often construed this section adversely to the ruling of the court below that nothing further need be said upon the question. The point here presented was expressly passed upon by us in *Haywood v. Miller*, 14 Wash. 660 (45 Pac. 307), and the question was considered in the following cases, also: *Watson v. Sawyer*, 12 Wash. 35 (40 Pac. 413); *Ames v. Bigelow*, 15 Wash. 532 (46 Pac. 1046); *Poncin v. Furth*, 15 Wash. 201 (46 Pac. 241); *Exchange National Bank v. Wolverton*, 11 Wash. 108 (39 Pac. 248). It may properly be observed, however, that in the absence of a statute like ours, the courts have almost universally held that a contract in a mortgage for a reasonable attorney's fee will be enforced; and the general rule is, that the court will consider the amount stipulated for by the parties to be reasonable, unless it is extravagantly large and extortionate, which cannot reasonably be said to be the case in this instance. Wiltsie, Mortgage Foreclosures, p. 952, § 866; 2 Jones, Mortgages (5th ed.), § 1606.

The cause will be remanded with instructions to include $300 as attorney's fees in the judgment; but, as the re-

spondents were not instrumental in causing the expense of this appeal, it would be unjust to tax the costs against them, and the appellant will not recover the same.

SCOTT, C. J., and REAVIS, GORDON and DUNBAR, JJ., concur.