[No. 9443.  Department One.  July 14, 1911.]

WILLIAM JAMES, *Respondent*, v. BRAINARD-JACKSON & COMPANY *et al.*, *Appellants.*[1]

MORTGAGES—DEFAULT—NONPAYMENT OF INTEREST — OPTION — ASSIGNEE.  To entitle the assignee of a mortgage on which an installment of interest is overdue to exercise the option given in the mortgage of declaring the whole sum due, he need only notify the maker that he was the holder and that interest could be paid at a certain place, no formal demand of payment being necessary.

ACTIONS—JOINDER OF CAUSES—SEPARATE LIENS.  A mortgage and a mechanics' lien upon the same property held by the same person may be foreclosed in a single action.

MORTGAGES — FORECLOSURE — PARTIES DEFENDANT.  The former owner of land is not a necessary or proper party defendant to an action to foreclose a mortgage, although the defendants may have claims against him.

APPEAL — PRESERVATION OF GROUNDS — OBJECTIONS — MECHANICS' LIENS.  Defects in a mechanics' lien which are amendable under the statute cannot be first raised in the supreme court.

SUBROGATION — MORTGAGES — FORECLOSURE — PAYMENT OF FIRST MORTGAGE.  Upon the foreclosure of two mortgage liens, the second mortgagee is properly subrogated to the rights of the first mortgagee, upon paying into court the amount due on the first mortgage.

MORTGAGES—LIEN FOR TAXES.  Upon foreclosure, a mortgagee may recover for taxes paid by him, where the mortgage provided that he might pay the taxes and have a lien on the property therefor.

[1]Reported in 116 Pac. 633.

MORTGAGES—MECHANICS' LIENS—FORECLOSURE — ATTORNEY'S FEES. In an action to foreclose a mortgage and a mechanics' lien, the allowance of $60 attorney's fees stipulated in the mortgage and $50 additional for the mechanics' lien is reasonable, and therefore proper, regardless of the apportionment.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered November 21, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a mortgage and a mechanics' lien. Affirmed.

*W. C. Mitchell,* for appellants.

*Charles E. Congleton,* for respondent.

FULLERTON, J.—On June 28, 1907, Willard P. Alward, being then the owner of lot 7, in block 6, of Harrison Heights addition to the city of Seattle, mortgaged the same to one Dorothea Bashaw to secure a loan of $593 then made to him by the mortgagee. Thereafter, and before the payment of the note or cancellation of the mortgage, Alward sold and conveyed the property to Brainard-Jackson & Company, Incorporated, a corporation. On March 18, 1909, Brainard-Jackson & Company, Incorporated, mortgaged the property to Rasmus Christiansen to secure the payment of a loan of $1,200 made to it by Christiansen. It thereafter caused a house to be built on the land and incurred an indebtedness thereby of $405.06 to the Holmes Lumber Company, to secure which the Holmes Lumber Company filed a materialman's lien upon the property. Thereafter Brainard-Jackson & Company, Incorporated, sold the property, conveying the same by quitclaim deed to W. C. Mitchell. Mitchell thereafter purchased the mortgage given by Alward to Bashaw, causing the same to be assigned to his daughter, L. Mitchell. Following this, William James, the respondent in this action, purchased the Christiansen mortgage and the mechanics' lien, taking due and formal assignments of the same. He thereupon tendered to L. Mitchell the principal and interest due

upon the first mortgage, paid the delinquent and due taxes and assessments levied upon the property by the public authorities, and on default in the payment of the first installment due upon the Christiansen mortgage, brought the present action to foreclose the same, together with the mechanics' lien, setting up also the amount of taxes and assessments he had paid, and prayed that the amount thereof be declared a lien upon the land and that the same be adjudged to him in the decree of foreclosure. The plaintiff made parties defendant to the foreclosure action W. C. Mitchell and his wife, Elvira C. Mitchell, and L. Mitchell. W. C. Mitchell and L. Mitchell answered, putting in issue the material allegations of the complaint and setting out affirmatively the mortgage owned by L. Mitchell, praying that her mortgage be declared a first lien upon the mortgaged property and foreclosure thereof entered, and that the plaintiff take nothing by his action.

On the trial the court held each of the several liens to be valid liens upon the property, that the lien of L. Mitchell was a first and superior to the liens of the plaintiff, and entered a decree foreclosing the several liens and directing a sale of the property; directing further that the lien of L. Mitchell be first paid out of the proceeds of the sale, or in case the plaintiff paid the amount thereof into court, that plaintiff have a lien on the premises to secure the amount thereof and a sale of the property to satisfy the same, together with the several liens held in his own right. From the decree, the several defendants appealed. They gave no supersedeas bond, and subsequent to the appeal, as is shown by a supplemental record, the plaintiff paid into the registry of the court the amount found due on the prior mortgage, and the same was withdrawn by the mortgagee, L. Mitchell. It has been made to appear also that W. C. Mitchell died subsequent to taking the appeal and that his wife, Elvira C. Mitchell, was, by order of this court, substituted as appellant in his stead.

The appellants attack the sufficiency of the complaint. It

is contended, first, that the action, in so far as it related to the mortgage set forth therein, was prematurely brought; second, that two or more causes of action were improperly united; and third, that there is a defect of parties defendant. Neither of these objections is well taken. An installment of interest was overdue on the mortgage, and by the express terms thereof, the holder was, for that reason, empowered to declare the whole sum due and payable. To entitle him to exercise the option it is enough that he give the maker of the notes an opportunity to pay when due. This the holder did by notifying the maker that he was the holder of the note and that the interest could be paid to him at a place stated in the city where the note was payable. He was not obligated to go to the maker and make a formal demand, and such is not the holding in the case of *Bardsley v. Washington Mill Co.*, 54 Wash. 553, 103 Pac. 822, 132 Am. St. 1133. In that case the maker was able and willing to pay the interest, but no opportunity was given him to do so at the place where the note was payable; it having been assigned by the payee and held by a bank in a state other than the one in which the note was payable. It was held that the payor was not obligated to tender payment outside of the place where the note was payable.

In support of the second objection, the appellants contend that the foreclosure of two or more liens cannot be united in one suit, and argue that each separate lien, whether owned by one individual or more than one, must be the subject of a separate action. Doubtless this would be true were the liens upon different parcels of property, but where the several liens are all on the same parcel, they can properly be foreclosed in one suit. Indeed, in most instances this must necessarily be the case; as for example, where there is a dispute as to the priority of the several liens.

The third objection is based on the fact that Willard P. Alward was not made a party defendant to the suit. But Alward was neither a necessary nor proper party. He was in no way obligated to the plaintiff, nor could the plaintiff

obtain relief against him in any manner, since he had parted with all his interest in the subject-matter of the suit prior to the time of its commencement. The appellants say, however, that they themselves might want some relief against him, since they held his promissory note. If this be true it might warrant the defendants in bringing him in, but it is no cause for holding the complaint insufficient.

Certain objections are made to the lien, and are suggested in this court apparently for the first time. The defects, conceding them material, are all amendable under the statute, and doubtless would have been corrected had they been pointed out to the trial court. Since this was not done we will treat the lien as sufficient.

It is next contended that the court erred in allowing the plaintiff to be subrogated to the rights of the mortgagee on payment into court of the amount due on the first mortgage. But there was no error in this. This mortgage was a lien on the land superior to any of the liens of the plaintiff. It may have been to the advantage of the parties to the suit to have one final decree which would be under the control of a single party. This evidently was the purpose of the order of the court, and the order was well within its equity powers.

It is objected also that the court erred in allowing a recovery for the taxes paid by the plaintiff, but this was permissible under the express terms of his mortgage. That instrument provided that he might pay the taxes on the land as they became due and have a lien on the property for such payment. This was a proper subject of contract between the mortgagor and mortgagee, and any subsequent purchaser or incumbrancer of the property took with notice thereof and subject thereto.

Finally, it is urged that the court erred in allowing two attorney's fees. It appears that the mortgage provided for an attorney's fee of $60 on foreclosure, and that the court allowed this sum for foreclosing the mortgage and $50 additional for foreclosing the mechanics' lien. These fees were

reasonable for the services rendered, and this is the final test, regardless of the manner in which the fee is apportioned.

There are other assignments of error but we do not feel that they merit special consideration.

The judgment is affirmed.

DUNBAR, C. J., GOSE, PARKER, and MOUNT, JJ., concur.