[No. 18158. Department One. November 8, 1923.]

CHARLES W. COOK et al., Respondents, v. E. J. STRELAU et al., Appellants.[1]

ATTORNEY AND CLIENT (40, 43)—COMPENSATION—CONTRACTS FOR—EVIDENCE—SUFFICIENCY. The trial court exercised a just discretion in fixing an attorney's fee at $775 for the foreclosure of a mortgage securing notes for $9,875, where the case was contested and competent attorneys testified that a reasonable fee in the case would be from $750 to $1,250; and the amount is not limited to the sum of $500, which may have been contemplated or agreed upon between plaintiff and his counsel in the expectation of a default and no resistance.

BILLS AND NOTES (24, 95)—TIME FOR MATURITY—NONPAYMENT OF INTEREST—ACTIONS—OPTION OF HOLDER. Where the maker was in default in the payment of interest on a mortgage note, which gave the payee the option in such case to declare the whole sum due and foreclose therefor, the commencement of the action is a sufficient exercise of the option, where there had been a request and negotiations for an extension of time, which was denied, no tender was made, the maker knew where the note was held and tacitly admitted inability to pay.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered January 17, 1923, upon findings in favor of the plaintiffs, in an action on contract, tried to the court. Affirmed.

*Hastings & Stedman* (*Donald G. Graham*, of counsel), for appellants.

*R. F. Dotsch*, for respondents.

HOLCOMB, J.—On September 30, 1922, respondents instituted suit on two notes signed by the appellants Strelau, both dated at Seattle, Washington, December 18, 1920; one for $4,000, due one year after date with interest at six per cent per annum from date, to be paid annually, and if not so paid to become imme-

[1]Reported in 219 Pac. 846.

diately due and collectible at the option of the holder of the note. The second, for $5,875, due two years after date, with interest at six per cent per annum, with like provision for collection for non-payment of principal and interest as the $4,000 note. Both notes provided for reasonable attorney's fees in addition to the costs provided by statute.

No interest other than the interest to December 18, 1921, has been paid on the two notes. No payments have been made on the principal. The notes were secured by a mortgage upon real estate in Thurston county, of which foreclosure was prayed for the whole amount of the principal of the two notes, and the unpaid past due interest on each note.

The mortgage provided, among other things, that

"in case of breach of the said covenant, or if default be made in the payment of such notes or the interest accruing thereon, or any part thereof, when the same shall become due, then this mortgage may be at once foreclosed for the entire principal sum, accrued interest and costs, and in such foreclosure suit there shall be included in the judgment a reasonable sum as attorney's fees, . . ."

In due time, after the commencement of the action, appellants appeared and moved first, to strike out of the complaint all allegations referring to the second note, for $5,875. This motion was duly argued before, and denied by, the trial court. Appellants then answered setting forth that more interest had been paid than was alleged in the complaint by forty dollars (which was admitted at the trial by respondents); denied that respondents were the owners and holders of the notes and mortgage, and denied that the sum of $1,000 as alleged in the complaint was a reasonable sum to be allowed plaintiffs as attorney's fees, or that any other or greater sum than $100 was a reasonable

sum for such attorney's fees. They also denied that the right, claim or interest of appellant Safety Explosive Company was inferior and subsequent to the lien of respondents' mortgage. These allegations being put in issue by the reply of respondents, the cause went to trial, and after hearing evidence, the court allowed judgment on both notes and the foreclosure of the mortgage securing the same, and found and fixed as a reasonable attorney's fee the sum of $775. The court also found, upon undisputed testimony, that respondents were the owners of the notes and mortgage, and there was no evidence of any contrary claim or right upon the part of appellant Safety Explosive Company.

Appellants requested the court to find that the sum of $500 was a reasonable sum to be allowed respondents as attorney's fees, and also submitted a conclusion of law as follows:

"That the plaintiffs have and recover of and from the defendant E. J. Strelau the sum of $4,000 with interest thereon at six per cent for 121 days."

The assignments of error are that the court erred in refusing to find that $500 is a reasonable attorney's fee; that the court erred in making conclusion of law awarding respondents judgment on the $5,875 note; and that the court erred in refusing to make the conclusion of law proposed by appellants, that the plaintiff recover judgment only on the note for $4,000.

It is first contended that respondents had agreed with their attorney on the amount of the attorney's fees to be collected, in the sum of $500, and that any allowance in excess of that sum was error.

Appellants put a construction upon the testimony of respondent, the husband, to the effect that an arrangement or agreement was made between him and his

attorney fixing the amount of the attorney's fees in the sum of $500. This construction is hardly warranted by the testimony. The testimony of respondent was that there was no set amount agreed upon. He said:

"I don't know that there was any exact price set. He (the attorney) did not know exactly at that time what was to be done, and that was about the way we left it. I think it was the understanding that it would not be over $500, but I don't know that that is right. He did not think it would amount to over $500. I think that is what he said. He did not know exactly what was to be done. I don't think there was any exact price agreed on, and that was the way we left it."

He also testified that if the property was redeemed his attorney would collect the full amount of attorney's fees allowed by the court—whatever the court allowed him. If it was not redeemed he did not think it would be over $500.

Appellants cite *Kennedy v. Richardson,* 70 Ind. 524, to the effect that a contract for the payment of attorney's fees as is contained in a mortgage, is one of indemnity and the holder cannot recover thereon a larger sum than will indemnify him. If he has agreed with his attorney for a smaller fee than that therein stipulated for, such agreement will inure to the benefit of the maker of the contract, and will limit the amount of the holder's recovery on account of attorney's fees.

The principle upon which that case is based is that a payee or mortgagee should not be permitted to make a profit on the attorney's fee paid to his attorney at the expense of the payor or mortgagor, and with that principle we are in hearty accord.

Our cases of *Amalgamated Gold Mines Co. v. Ridgely,* 100 Wash. 99, 170 Pac. 355, and *Vermont Loan & Trust Co. v. Greer,* 19 Wash. 611, 53 Pac. 1103, are also relied upon by appellant. The *Ridgely* case was

one where a stipulated amount was an integral part of
the contract itself. Rem. Comp. Stat., § 475 [P. C.
§ 192], allows the court to fix a reasonable fee, but
expressly provides that the allowance is not to be above
the contract price; that is, the contract between the
parties to the mortgage.

The *Greer* case, *supra,* was one where the attorney's
fee was the fixed sum provided for in the contract,
under a contract made before the enactment of Rem.
Comp. Stat., § 475 [P. C. § 192], which provided for
$300. The lower court attempted to fix $100 as a rea-
sonable attorney's fee, and this court said that the
amount fixed by the contract should be allowed.

*Thayer v. Harbican,* 70 Wash. 278, 126 Pac. 625, also
relied upon by appellants, where it was said that
"manifestly no sum larger than that received by the
attorney would be a reasonable fee," was a suit between
the attorney and his employer. In that case the court
also stated:

"Both parties admit that $300 was collected from the
mortgagor as an attorney's fee, and that the respond-
ent has received that sum as an attorney's fee. The
appellant had no right to exact that sum and the re-
spondent had no right to receive it, except as a reason-
able attorney's fee for the work done. They are both,
under these circumstances, estopped to say that the
amount so exacted and paid was not the reasonable
value of the attorney's services."

In this case, the contracts provided for a reasonable
attorney's fee. That reasonable attorney's fee must
be fixed by the court. The action was defended, and
by far the larger part of the recovery sought by re-
spondents was resisted. The ownership of the notes
and mortgage was also denied. What might have been
a reasonable attorney's fee as between respondents
and their attorney in case the judgment had gone by

default, without any defense or resistance, is not to be presumed to be a reasonable attorney's fee where the greater part of the recovery was resisted, and the ownership of the causes of action denied. Until the action had been brought and the statutory time for appearance elapsed, neither the attorney nor his employer could foretell what would be necessary to be done in obtaining judgment and decree of foreclosure. Two competent attorneys testified that a reasonable attorney's fee for any such proceeding under the conditions shown by the record in this case would range from $750 to $1,250.

The trial court, we think, exercised a just discretion in fixing the attorney's fee in the sum of $775 for respondents' attorney. Respondents will obtain no profit therefrom.

Appellant further contends that judgment should not have been awarded on the $5,875 note, which had not matured at the time suit was started. It is argued that the whole debt does not become due upon default in payment of interest in cases where acceleration provisions are contained in the note or mortgage without affirmative action on the part of the owner or holder of the mortgage, and there is no distinction where there are words of option and where there are none. It is contended that appellant should have been given an opportunity to pay the $5,875 note, which had not matured, and which was in default only by the non-payment of interest, and that no presentation of the note and opportunity to pay was made by respondents or anyone on their behalf at the place where the notes were dated, and therefore presumably payable.

The record shows that there had been negotiations on the part of appellant soliciting an additional year for payment of the indebtedness, thus tacitly admitting his inability to pay. No tender of payment was made.

The extension of a year for payment was refused by respondents.

In *Coman v. Peters*, 52 Wash. 574, 100 Pac. 1002, we held that such a provision hastening the date of maturity of the whole debt is for the benefit of the payee, and if the payee does not manifest any intention to claim it before tender is actually made, there is in law no default such as will cause maturity of the whole debt before the regular time provided in the agreement.

In *Bardsley v. Washington Mill Co.*, 54 Wash. 553, 103 Pac. 822, 132 Am. St. 1133, relied upon by appellant, the court stated:

"The appellant has at all times been ready and willing to pay the interest accruing since December 15, 1907, as it became due at its place of business in Spokane. But the note has not been presented there at any time, nor was appellant given any opportunity to pay the interest there prior to the bringing of this suit, . . . ."

These circumstances are far different than those in the case at bar. Here appellants knew where the notes were held, and, of course, knew that the notes were past due, knew the terms of the contracts, and had negotiated with respondents for an extension of time.

*James v. Brainard-Jackson & Co.*, 64 Wash. 175, 116 Pac. 633, holding that the owner of the note must give the maker an opportunity to pay the delinquent interest installments before exercising his option to declare the whole note due, also held that,

"To entitle him to exercise the option it is enough that he gave the maker of the note an opportunity to pay when due. This he did by notifying the maker that he was the holder of the note, and that the interest could be paid to him at a place stated in the city where the note was payable. He was not obliged to go to

the maker and make a formal demand, and such is not the holding in the case of *Bardsley v. Washington Mill Co., supra.* In that case the maker was able and willing to pay. . . . . It was held that the maker was not obligated to tender payment outside of the place where the note was payable."

Here appellant was not able and willing to pay, but wanted additional time.

In *Hardin v. Sweeney,* 14 Wash. 129, 44 Pac. 138, it was held that as to interest payable at a specified time and place, no demand is necessary, and that in an action against the maker of a note made payable at a particular place it is not necessary to offer to prove a demand for payment at such place. If the maker was ready at the time and place to make payment, he may plead that fact as he would plead a tender in bar of damages and costs by bringing the money into court.

See, also, *Northwestern National Bank v. Pearson,* 102 Wash. 570, 173 Pac. 730.

In *Weinberg v. Naher,* 51 Wash. 591, 99 Pac. 736, 22 L. R. A. (N. S.) 152, we said

"The debt does not become due upon the mere default of the interest payment. Some affirmative action is required, some action by which the holder of the note makes known to the payors that he intends to declare the whole debt due. This exercise of the option may, of course, take different forms. It may be exercised by giving the payors formal notice of the fact that the whole debt is declared due, or by the commencement of an action to recover the debt, or, perhaps, by any means by which it is clearly brought home to the payors of the note that the option has been exercised before the interest is paid or tendered."

There is no doubt in this case, that, after the interest was delinquent and before the same had been paid or tendered, and after appellants had failed to pay the interest or principal on the notes, respondents exer-

cised the option of declaring the whole debt due by bringing this action. That complies with the principle stated in the last cited case.

There being no error the judgment is affirmed.

MAIN, C. J., TOLMAN, PARKER, and MACKINTOSH, JJ., concur.