[No. 19370.    Department Two.    November 23, 1925.]

CHARLES H. HARTGE, *Appellant,* v. JOSEPH CAPELOTO
*et al., Respondents.*[1]

BILLS AND NOTES (95)—RIGHT OF ACTION—PREMATURE COM-
MENCEMENT—OPTION OF HOLDER—ACCELERATING MATURITY. The com-
mencement of an action upon a note after default in the payment
of the first installment is a sufficient declaration of an intention
to elect to declare the whole sum due, under a provision in the
note accelerating the date of payment of the principal upon
exercising such right of election; and this, regardless of any
allegation in the complaint that plaintiff made such an election.

SAME (92)—RIGHT OF ACTION—CONDITIONS PRECEDENT—DEMAND
AND OPPORTUNITY TO PAY. The duty of the holder of a note, which
authorized acceleration of the due date on default in paying any
installment, to give the maker an opportunity to pay the first in-
stallment of interest, is sufficiently complied with, where it appears
that his place of business was within two blocks of the maker's,
that he gave prompt notice of his purchase of the note, notifying
the maker to make all payments at his place of business, to which
no objection was made in a telephone communication following,
and that the holder, on the date of maturity, twice called up the
maker by telephone without success, and never agreed to any
extension of time.

Appeal from a judgment of the superior court for
King county, Hon. Charles E. Claypool, judge *pro
tempore,* entered April 4, 1925, upon findings in favor
of the defendant, in an action upon contract, tried to
the court. Reversed.

*Hartge & Cadwallader,* for appellant.

*Herchmer Johnston,* for respondents.

PARKER, J.—The plaintiff, Hartge, as assignee of
the defendant Riley, commenced this action in the su-
perior court for King county, seeking recovery from
the defendants, Capeloto and the community composed
of himself and wife and Riley, upon a promissory
note, reading as follows:

[1]Reported in 241 Pac. 5.

"$500.00         Seattle, Wash., December 19th, 1924.
"For value received, I promise to pay to Howard H.
Riley, or order, Five Hundred and no/100 Dollars in
Gold Coin of the United States of America, with in-
terest thereon in like Gold Coin at the rate of eight
per cent per annum from date until paid, payable in
monthly installments of not less than $50.00 in any one
payment, together with the full amount of interest due
on this note at time of payment of each installment.
The first payment to be made on the 15th day of
January, 1925, and a like payment on the 15th day of
each month thereafter, until the whole sum, principal
and interest, has been paid; if any of said installments
are not so paid, the whole sum of both principal and
interest to become immediately due and collectable.
And in case suit or action is instituted to collect this
note, or any portion thereof, I promise to pay such
additional sum as the Court may adjudge reasonable
as attorney's fees in said suit or action. Joseph
Capeloto."

This action was commenced on January 17, 1925,
two days after the maturity of the first installment,
recovery being then sought upon the theory that the
date of maturity of the whole indebtedness had been
accelerated to that time by default in payment of the
first installment, and Hartge's election to claim ma-
turity of the whole indebtedness. A trial upon the
merits before the court sitting without a jury resulted
in findings and judgment of dismissal against Hartge,
rested upon the theory that the action was prematurely
commenced. From this disposition of the case in the
superior court, Hartge has appealed to this court.

There is no room for serious controversy over what
we consider the controlling facts of the case. They
may be summarized as follows: On December 19,
1924, the note was executed as we have already indi-
cated. On December 23, 1924, Riley, the payee,
transferred the note by indorsement and delivery to

Hartge who thereby became the owner and holder thereof. On that same day, Hartge, by letter, notified Capeloto of such transfer, and that he should make all payments upon the note at his, Hartge's, office, reminding Capeloto that the first payment would become due on January 15, 1925. The respective offices and places of business of Hartge and Capeloto were then, and at all times in question, in Seattle, but two blocks distant from each other, each at all times well knowing of the location of the other's office and place of business.

Soon after receiving the letter, Capeloto called Hartge and talked with him over the telephone, making inquiry as to the stated rate of interest in the note, which apparently he had forgotten, making no objection then or at any time to the regarding of Hartge's office as an appropriate and convenient place for making payments upon the note. Let us remember that that note does not, by its terms, specify any place of payment. On January 15, 1925, the date of the maturity of the first payment, Hartge called Capeloto over the telephone, but was unable to reach him, he being then absent from his place of business. Hartge called Capeloto over the telephone a second time that same day with the same result. Hartge never at any time agreed to any extension of time or forbearance with reference to payment of the first installment as specified in the note, though there was some telephone conversation between Riley and Hartge on January 16th indicating that probably Capeloto might come to Hartge's office and pay the note on that day. There was also some telephone conversation between Riley and Capeloto on that day which clearly reminded Capeloto that the first installment had matured the day previous. On the following day, January 17th, no payment being made or tendered to Hartge, he com-

menced this action seeking recovery upon the note; Capeloto being served with summons at his place of business at about the noon hour that day. Soon thereafter, Capeloto did tender the sum of $53 to Hartge in payment of the first installment and accrued interest, which tender was refused.

It is contended in behalf of Capeloto that, in any event, Hartge is not entitled to recovery upon the theory of acceleration of the due date of the whole indebtedness, because of Hartge's failure to effectually so elect. Our decision in *Cook v. Strelau,* 127 Wash. 128, 219 Pac. 846, seems to us decisive against this contention; that holding, in harmony with prior observations of the court therein noticed, being that the commencement of an action seeking recovery upon the theory of acceleration of the due date of the whole indebtedness because of default in payments of installments agreed to be paid, as in this note, is of itself a sufficient election to that end. 8 C. J. 417.

In this connection, counsel for Capeloto argue that the commencement of this action does not effectually work such an election, because there is no direct allegation in the complaint that Hartge made such an election. While such an allegation in a complaint of this nature is not unusual and is appropriate, we fail to see why the commencement of the action and the demand for recovery of the whole indebtedness, the fact of default being alleged, do not as effectually evidence such an election as a specific allegation in the complaint to that effect would evidence such an election.

Counsel for Capeloto, and also evidently the trial judge, as we have already noted, both proceed upon the theory that Capeloto was not offered opportunity to make payment of the first installment at the specified time of its maturity, or before the commencement of

the action. The argument seems to be that, before Hartge could claim default in payment of that install-ment, looking to the acceleration of the due date of the whole indebtedness, he would have to actually present the note and demand payment of Capeloto at his place of business; this, upon the theory that, there being no place for payment of the note designated by its terms, the law would make it payable at Capeloto's place of business or his residence. Counsel cite and rely principally upon our decision in *Bardsley v. Washing-ton Mill Co.*, 54 Wash. 553, 103 Pac. 822, 132 Am. St. 1132. It must be conceded that there are some observa-tions made in that decision which might seem to lend support to this contention. That decision, however, has been interpreted by us in *James v. Brainard-Jack-son & Co.*, 64 Wash. 175, 116 Pac. 633, as not holding all that counsel for Capeloto now claim for it. In this later decision, involving an acceleration of the due date substantially as the problem is here presented, Judge Fullerton, speaking for the court, said:

"An installment of interest was overdue on the mortgage, and by the express terms thereof, the holder was, for that reason, empowered to declare the whole sum due and payable. To entitle him to exercise the option it is enough that he give the maker of the notes an opportunity to pay when due. This the holder did by notifying the maker that he was the holder of the note and that the interest could be paid to him at a place stated in the city where the note was payable. He was not obligated to go to the maker and make a formal demand, and such is not the holding in the case of *Bardsley v. Washington Mill Co.*, 54 Wash. 553, 103 Pac. 822, 132 Am. St. 1133. In that case the maker was able and willing to pay the interest, but no op-portunity was given him to do so at the place where the note was payable; it having been assigned by the payee and held by a bank in a state other than the one in which the note was payable. It was held that the

payor was not obligated to tender payment outside of the place where the note was payable."

We think it must be held, under the facts here appearing, that Capeloto was furnished ample opportunity to make payment of the first installment at the office and place of business of Hartge, within two blocks of his, Capeloto's, place of business. Having failed in this respect and being in default and not having made tender of payment until after the service of summons upon him in this action at the noon hour of January 17, 1925, Hartge was strictly within his rights in commencing the action and thereby electing to accelerate the due date of the whole indebtedness to that time.

We are of the opinion that the trial court erred in refusing to award Hartge recovery as against Capeloto and the community composed of himself and wife for the full amount of the indebtedness. Whether or not the trial court should have also awarded recovery against Riley, we are unable to determine from the portion of the record brought here, in that we are not advised as to whether or not Riley was ever served with summons in this action, or as to whether or not he ever appeared therein. Our conclusion, therefore, is that the judgment of dismissal must be reversed and the cause remanded to the trial court with directions to render judgment in favor of Hartge against Capeloto and the community composed of himself and wife; and also to award or refuse recovery in favor of Hartge against Riley as the full record of the case in that court may warrant. It is so ordered. The question of attorney's fees to be awarded in pursuance of the terms of the note, we leave for decision in the first instance to the trial court.

TOLMAN, C. J., MAIN, and MITCHELL, JJ., concur.