[Civ. No. 765.   Second Appellate District.—May 9, 1910.]

## HENRY W. HOWARD, Respondent, v. W. I. GALBRAITH, Appellant.

CONTRACTS—REFUSAL TO ACCEPT PERFORMANCE.—A refusal to accept performance of a contract before the arrival of the time for performance is the equivalent of a refusal to perform, if not withdrawn before the time for performance.

CONTRACT TO REPURCHASE STOCK—SUPPORT OF FINDINGS—EXCUSE FOR TENDER AND DEMAND.—A contract to repurchase stock at the expiration of a year from the date of purchase is valid. But the support of findings showing the want of ability or disposition of defendant to perform the contract, and the equivalent of his refusal to perform the same, not withdrawn before the expiration of the year, establishes a legal excuse for exact tender and demand for performance by the plaintiff.

ID.—DEMAND BY TELEPHONE BEFORE EXPIRATION OF YEAR—DECLARED INABILITY.—Where the plaintiff made demand by telephone, a short time prior to the expiration of the year, in reply to which defendant declared his inability to perform, and stated that he was not in position to comply with his contract to repurchase the stock, even if the exact limitation of one year from the date of the contract is to be considered, the variance would be immaterial, in view

of the answer of defendant to the telephone notice by plaintiff disclosing a refusal of defendant to perform.

ID.—LEGAL EQUIVALENT OF DEMAND AND REFUSAL—RELEASE FROM REQUIREMENT.—The answer to such notice shows the legal equivalent of a demand for performance by the plaintiff and the refusal of performance by the defendant, and the release of the plaintiff from any further obligation to make demand.

ID.—BURDEN UPON DEFENDANT.—If the defendant wished to hold the plaintiff to exact performance, the burden is upon him to express a willingness to carry out the contract.

ID.—STOCK PURCHASED AS AN INVESTMENT—REPRESENTATIONS BY DEFENDANT—CONTRACT TO REPURCHASE.—*Held,* that the contract between the parties was, in effect, that plaintiff purchased the stock as an investment upon the representations by defendant that it was a good investment, and that defendant agreed that if plaintiff was not satisfied with the investment after a year had elapsed, he would purchase the stock and take it off his hands at the price paid.

ID.—PLAINTIFF'S CAUSE OF ACTION—LAPSE OF YEAR—NOTICE OF DESIRE TO SELL.—In such case plaintiff had no cause of action against the defendant until he awaited the passage of the year and then notified defendant that he desired to sell the stock.

ID.—RIGHT OF ACTION NOT PREJUDICED BY NEW DEMAND AFTER YEAR AND NOTICE OF DESIRE TO SELL.—Plaintiff did not prejudice his right of action by renewing his demand after the year, and notifying defendant that he desired to sell the stock, notwithstanding defendant's previous declaration of inability to perform. The renewal of the notice and demand was not an offer of performance after a specified time fixed therefor, within section 1490 of the Civil Code, but was a further notice and demand, after the default of defendant upon which to predicate his action.

ID.—DEFENDANT NOT IN DEFAULT WITHOUT NOTICE OF DESIRE TO SELL AFTER YEAR—REASONABLE TIME.—The defendant was not in default until plaintiff notified him of his desire to sell after the year expired. This he might do within a reasonable time thereafter.

ID.—SUPPORT OF FINDINGS—REPRESENTATIONS OF DEFENDANT INDUCING PURCHASE—RELIANCE UPON PROMISE TO REPURCHASE.—Though the evidence was curtailed, there was sufficient evidence to support the findings that plaintiff's purchase of the stock was induced by representations made by the defendant, and that plaintiff relied upon the promise and agreement of defendant and was induced thereby to purchase the stock.

ID.—CURTAILING OF EVIDENCE CAUSED BY LETTER OF DEFENDANT AGREEING TO PURCHASE—APPELLANT NOT PREJUDICED.—Where the curtailing of the evidence was caused by confining it after the date of a letter by defendant agreeing to purchase, the defendant appealing could not be surprised or misled by the ruling of the court, and no prejudice to him therefrom can be presumed.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George E. Church, Judge Presiding.

The facts are stated in the opinion of the court.

Oscar C. Mueller, for Appellant.

Johnstone Jones, and R. P. Jennings, for Respondent.

TAGGART, J.—Action to recover on an agreement to purchase mining stock. Judgment was for plaintiff and defendant appeals from judgment and order denying motion for a new trial.

On May 2, 1907, plaintiff purchased five hundred and fifty shares of the capital stock of the Greene Gold Silver Company upon the guaranty and agreement of defendant that the latter would take said shares of stock off plaintiff's hands at the expiration of one year from the date of said purchase at the price paid for them by plaintiff. Later, to wit, on May 6, 1907, defendant in a letter written to plaintiff confirmed this agreement in the following words: "Remember I guaranteed to take your stock off of your hands at the expiration of one year for the amount you paid for it, providing you desire to sell." Plaintiff paid $928.90 for the stock, and testified that he notified defendant on two or three occasions about one year after his purchase of the stock that he desired to sell and demanded that defendant perform his part of the agreement. The first occasion was by telephone a short time prior to the expiration of the year; the next time was by letter about the end of the year, to which plaintiff received no reply, and a letter under date of July 17, 1908, written by plaintiff's attorney, making the demand for him and tendering the certificates of stock representing the shares. The telephone demand prior to the expiration of the year and the reply thereto, as stated by plaintiff, were as follows: "Well, I told him my note was coming due and that I would expect him to take the stock and pay me what was agreed. He said in reply that he couldn't do it—wasn't in a position to do it; he made no other excuse or reason for not buying it at that time." The letter by which the second demand was

made was not produced and no copy thereof introduced; the contents of it were not proven, and defendant testified he never received it. Plaintiff failed to fix the date of its mailing any more definitely than that it was "just about the end of the year." The certificates of stock were deposited in court by plaintiff.

It is urged by appellant that the finding of the court to the .effect that the plaintiff notified the defendant of his desire to dispose of the stock, demanded that the defendant perform his agreement, and offered to deliver the stock to defendant, *at the expiration of one year from the date of said purchase,* is not supported by the evidence. Invoking section 1490 of the Civil Code and *Glock* v. *Howard,* 123 Cal. 1, 20, [69 Am. St. Rep. 17, 55 Pac. 713], he contends that the obligation relied on fixes a time for its performance, and that the testimony of plaintiff shows that he made the tender and demand both *before* and *after,* but not *at* the expiration of, the year. If the contract be one in which the exact time is to be considered, the words "at the expiration of one year" should be interpreted to mean one year from May 2, 1907, the date of the purchase of the stock, rather than from May 6, 1907, the date of the letter confirming the agreement, which is alleged in the complaint to be the date of demand and tender made. If we were to regard the exact limitation of one year as a proper construction of the agreement, this variance would be immaterial, as the evidence discloses a refusal to perform by the defendant by his answer to the telephone notice given by plaintiff. This was the legal equivalent of an offer and refusal, and it was not withdrawn by defendant prior to the date when performance was due. (Civ. Code, sec. 1515.) This telephone conversation is located by plaintiff at "about," but "prior" to, the expiration of the year, and plaintiff notified defendant that he would expect him to take the stock as agreed, and defendant replied that he could not do it, and there is no evidence that he ever notified plaintiff that his inability or indisposition to comply with his agreement was removed at any time prior to the date of performance. Plaintiff was thereby released from the requirement that he make demand and offer at the exact date, if such demand and offer were otherwise necessary. This statement that he could not, and would not, be able to meet his obligation naturally

tended to induce plaintiff to omit performance, as it notified
him in advance that defendant couldn't take the stock at the
expiration of the year, even though a tender was made and
the plaintiff expected him to do so. After he had so stated
the burden was upon the defendant to show that prior to the
time he expressed a willingness to carry out the contract, if
he wished to hold plaintiff to an exact performance. (Civ.
Code, secs. 1440, 1515.)

The decisions of the supreme court in *Hanson* v. *Slaven,*
98 Cal. 379, [33 Pac. 266], and *Glock* v. *Howard,* 123 Cal. 1,
[69 Am. St. Rep. 17, 55 Pac. 713], are not inconsistent with
this view. Further than this, the contract here introduced
shows upon its face that it was not one to deliver stock within
a specified time or at a specified date at a price named. The
plaintiff was induced by defendant to purchase the stock
upon the representation that it would become valuable as an
investment. The letter of May 6th stated: "The Greene
Gold Silver is the largest mining proposition in the world and
whatever report is signed by W. C. Greene is *true.* It is my
opinion inside of three years that stock will be selling at not
less than twenty-five dollars for share." While this letter
was written after the purchase, it was in effect but a reaffirm-
ance of the statements testified to by the plaintiff as made
to him by defendant before the stock was bought. The plain-
tiff testified: "I knew nothing of this company until the de-
fendant spoke of it. . . . Dr. Galbraith advised me to pur-
chase stock in this company saying that he believed it to be
a first-class investment. . . . He telegraphed me . . . to buy
all the Greene Gold and Silver—I told him that if I bought
stock I would have to borrow some money to buy it, and he
said very well, he would advise me to do it, and furthermore,
that he would agree that after a year, if I was not satisfied
with the stock, he would take it off my hands at exactly what
I paid for it." In effect, the contract was that plaintiff was
to purchase the stock as an investment, upon defendant's rep-
resentations, and if after a year had elapsed plaintiff was not
satisfied with the investment, defendant would take the stock
off his hands at the price paid. In other words, plaintiff had
no cause of action against defendant until he awaited the
passage of the year and then notified defendant that he de-
sired to sell. Plaintiff did not prejudice his right of action

by renewing his demand and notifying defendant that he desired to sell the stock after being told by defendant, before the year expired, that he could not—would not be in a position to take the stock at the exact expiration of the year. The renewal of the notice and demand was not an offer of performance after a specified time fixed therefor, within the meaning of section 1490 of the Civil Code, but a further notice and demand, after defendant was in default, upon which to predicate his action. The defendant was not in default until plaintiff notified him of his desire to sell after the year expired. This he might do within a reasonable time thereafter. (Civ. Code, sec. 1491.)

While the trial court at one time, upon the objection of defendant, and the theory that the letter embodied the contract, somewhat curtailed the introduction of evidence by plaintiff as to the representations made by defendant to induce plaintiff to purchase the stock, nevertheless, there is abundant evidence to sustain the findings of the court that representations were made by defendant for the purpose of inducing plaintiff to buy the stock, and, also, that the plaintiff relied upon the promise and agreement of defendant and was induced thereby to purchase the stock. There is no contention that appellant was in any way misled or surprised by this ruling of the court, and no prejudice to him therefrom can be presumed.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 8, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 7, 1910.