[S. F. No. 7275. Department One.—May 31, 1917.]

## EVA L. WETZEL, Respondent, v. F. M. CALE et al., Defendants; J. JEROME SMITH, Appellant.

PROMISSORY NOTE — NEGOTIABLE INSTRUMENT — ACCELERATION OF PAYMENT.—A promissory note, payable to order, containing a provision allowing the holder, upon certain conditions, to accelerate the time for payment of the principal, is not a negotiable instrument.

ID.—INDORSEMENT BY THIRD PERSON BEFORE DELIVERY—INDORSER IS GUARANTOR.—A third person who writes his name upon the back of such note prior to its delivery to the payee is a guarantor, and, as

such, he became liable upon the default of his principal, without any previous demand or notice.

ID.—DEFAULT IN PAYMENT OF INSTALLMENT—PLEADING—ELECTION TO ACCELERATE PAYMENT NEED NOT BE ALLEGED.—Where a promissory note provided that, upon default for five days in the payment of an installment of the principal, the whole of the unpaid principal and interest should forthwith become due and payable at the election of the holder of the note, it is not necessary, in an action to recover the entire amount of the note after the happening of such default, to allege or find that the plaintiff had elected, after the installment had been five days overdue, to declare the entire sum payable. The commencement of the action is, in itself, an exercise of the option and a sufficient notice thereof.

ID.—HOLDER OF NOTE MAY ELECT TO ACCELERATE.—The provision for accelerating payment of such note is available to a holder other than the original payee.

ID.—CONSIDERATION—COMPROMISE OF CLAIM FOR DAMAGES.—The compromise of a claim for damages made by the payee against the maker of a promissory note, and the payee's forbearance to sue upon it, constitute a sufficient consideration for the note.

ID.—SUFFICIENCY OF DEMAND COMPROMISED.—The validity of the note does not depend on any subsequent inquiry into the legal sufficiency of the demand so compromised.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge.

The facts are stated in the opinion of the court.

Philip C. Boardman, and L. D. Manning, for Appellant.

J. G. Reisner, for Respondent.

SLOSS, J.—This is an action upon a note whereby F. M. Cale promised to pay to L. H. Honey or order the sum of five thousand dollars, with interest, in four installments of one thousand two hundred and fifty dollars each. The instrument contained a provision that, in case any installment was not paid within five days after it became due, the whole of the principal and interest remaining unpaid should forthwith become due and payable at the election of the holder of the note. Before the delivery of the note by Cale to Honey, Mabel G. Cale and J. Jerome Smith indorsed the note by writing their names on the back of it. Honey indorsed the

CLXXV Cal.—14

note and delivered it to the plaintiff. The complaint alleges that the first installment was not paid when due, that more than five days had elapsed since such installment became due, and that the whole of the note, with interest, is now due and payable. Judgment for five thousand dollars, with interest and costs, was prayed. F. M. Cale and Mabel G. Cale defaulted. J. Jerome Smith answered, denying various allegations of the complaint, and setting up certain matters by way of affirmative defense.

A jury trial was waived, and the court made its findings and entered judgment in favor of the plaintiff. From this judgment Smith appeals.

The complaint contains allegations of presentment and notice of dishonor. These allegations were, however, immaterial. By reason of the provision allowing the holder, upon certain conditions, to accelerate the time for payment of the principal, the note was not a negotiable instrument. (*National Hardware Co.* v. *Sherwood*, 165 Cal. 1, [130 Pac. 881]; *Smiley* v. *Watson*, 23 Cal. App. 409, [138 Pac. 367]; Civ. Code, sec. 3088.) The appellant, who had written his name upon the back of it before delivery to the payee, was therefore a guarantor. (*First Nat. Bank* v. *Babcock*, 94 Cal. 96, [28 Am. St. Rep. 94, 29 Pac. 415]; *Rogers* v. *Schulenburg*, 111 Cal. 281, [43 Pac. 899].) As such, he became liable upon the default of his principal, without any previous demand or notice. (Civ. Code, sec. 2807; *First Nat. Bank* v. *Babcock*, 94 Cal. 96, [28 Am. St. Rep. 94, 29 Pac. 415]; *Pierce* v. *Merrill*, 128 Cal. 464, [79 Am. St. Rep. 56, 61 Pac. 64].)

It was not necessary for the plaintiff to allege, or for the court to find, that plaintiff had elected, after an installment had been five days overdue, to declare the entire sum payable. The complaint set forth the facts which authorized the holder to exercise this right, and the commencement of the action to recover the full amount is, in itself, an exercise of the option and a sufficient notice thereof. (*Hewitt* v. *Dean*, 91 Cal. 5, [27 Pac. 423]; *Bank of Commerce* v. *Scofield*, 126 Cal. 156, [58 Pac. 451]; *Trinity County Bank* v. *Haas*, 151 Cal. 553, [91 Pac. 385]; *Stalder* v. *Riverside etc. Co.*, 167 Cal. 560, [140 Pac. 252].) There is no merit in the contention that the provision for accelerating payments is available only to the original payee. The instrument is payable to L. H. Honey or order, and expressly provides that the right to declare the

principal due for default in payment of an installment is to be exercised "at the election of the holder of this note."

The affirmative grounds of defense set up by Smith in his answer were that there was no considerat on for the note, and that the same was obtained from Cale by means of threats of criminal prosecution. The appellant assails as unsupported the court's findings against these defenses. It appears that in October, 1911, John T. Cale, a brother of F. M. Cale, was the owner of six lots in the city of Richmond, Contra Costa County. In that month he conveyed said lots to one McCabe, the deed being executed by F. M. Cale as attorney in fact for John T. Cale. On February 3, 1912, McCabe conveyed the lots to Honey. Thereafter, in June, 1913, John T. Cale executed and delivered a deed conveying the same lots to J. C. Rohlfs, F. R. Cooper, and Fred J. T. Dawson. F. M. Cale took part in this transaction. Rohlfs, Cooper, and Dawson placed their deed on record. Neither the deed from Cale to McCabe, nor that from McCabe to Honey, had then been recorded. When Honey learned of the subsequent conveyance, which, apparently, divested his title (Civ. Code, sec. 1214), he addressed John T. Cale, demanding that he give the matter his attention. About the same time Honey called the facts to the attention of the district attorney of the city and county of San Francisco and sought the issuance of a warrant charging John T. and F. M. Cale with a violation of section 533 of the Penal Code. Several interviews were had between F. M. Cale and Honey in the presence of their own attorneys and the district attorney. There is evidence that the district attorney expressed the opinion that there was no criminal intent on the part of either Cale, and that the matter was one that should be adjusted. Honey claimed that he had been damaged in the sum of over five thousand dollars. Cale thought this demand excessive. But he and Honey finally entered into an agreement for the giving of the note in question, and Honey executed a writing in which, after reciting the preceding transactions, he released and discharged John T. and F. M. Cale from all claims for damages. The testimony of Cale was that he gave the note in order to avoid the threatened criminal prosecution. The finding of the court, however, was to the contrary, and the evidence amply supports the finding. Honey had a claim for damages against the Cales, and the court was warranted in believing that he

was advancing it in good faith. The compromise of such claim and his forbearance to sue upon it constituted a sufficient consideration for the note. (*Rohrbacher* v. *Aitken*, 145 Cal. 485, [78 Pac. 1054]; *Union Collection Co.* v. *Buckman*, 150 Cal. 159, 163, [119 Am. St. Rep. 164, 11 Ann. Cas. 609, 9 L. R. A. (N. S.) 568, 88 Pac. 708].) The validity of the new promise does not depend on any subsequent inquiry into the legal sufficiency of the demand so compromised. (*Naglee* v. *Lyman*, 14 Cal. 455; *Rohrbacher* v. *Aitken, supra; Whelan* v. *Swain*, 132 Cal. 389, 391, [64 Pac. 560].) It is of no consequence, therefore, that Honey might not have succeeded in recovering as much as five thousand dollars if he had brought suit. This was the amount agreed upon in settlement of his demand, and the promisor cannot now repudiate his contract upon the ground that he agreed to give too much.

Complaint is made of the failure of the court to find on the allegations of the answer that the plaintiff was not a *bona fide* holder for value before maturity. But since, as plaintiff concedes, her rights as holder of a non-negotiable instrument were no greater than those of the original payee, these allegations did not present a material issue.

We find no error in the record.

The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.

Hearing in Bank denied.