[Civ. No. 4405. First Appellate District, Division One.—April 24, 1923.]

LOUIS L. LEVY, Respondent, v. E. LARSON, Appellant.

[1] SALES—PURCHASE OF GRAIN BAGS AND TWINE—BREACH OF BUYER —NOTE IN SETTLEMENT—FALSE REPRESENTATIONS AS TO POSSESSION BY SELLER — EFFECT OF. — Where defendant who had contracted to purchase grain bags and twine for use in harvesting his crop notified plaintiff before the earliest date for delivery contemplated by the contract that his crop had failed and that he would have no use for the goods, and in settlement of the transaction gave his note for the difference between the contract price and the then market price, the fact that plaintiff falsely represented at the time the note was executed that he had the goods on hand and that defendant's failure to accept delivery would result in the loss to him of the amount of the note, consequently suffer-

ing no loss in actual money, did not amount to a deception and fraud sufficient to defeat recovery on the note.

[2] ID.—TENDER OF ARTICLES—WHEN UNNECESSARY.—Where defendant who had contracted to purchase grain bags and twine for use in harvesting his crop notified plaintiff before the earliest date for delivery contemplated by the contract that his crop had failed and that he would have no need for the bags and twine, it was not necessary to make a tender of the articles to put defendant in default.

[3] TENDER—WAIVER.—Where the tenderee takes any position which would render a tender a vain and idle ceremony a tender is waived.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Affirmed.

The facts are stated in the opinion of the court.

Walter E. Drobisch for Appellant.

Milton Marks for Respondent.

TYLER, P. J.—The complaint herein is based upon a promissory note in the sum of $3,066.43. The answer denies the execution of the note except under circumstances which are alleged in a special defense and which it is claimed constitute fraud and misrepresentation in the procurement of the instrument sued upon.

From the record it appears that on December 11, 1920, defendant contracted to purchase and plaintiff to sell certain grain bags and twine for a total sum of $9,030. Delivery was not to be made until June or July of the following year, the exact date of delivery to be at buyer's option. The bags and twine were to be used by defendant in the harvesting of his crop. Thereafter and during the month of May, 1921, and before the earliest date for delivery contemplated by the contract defendant informed plaintiff that his crop had failed and that he would have no use for the bags and twine for that year, and requested that delivery be postponed until the following season of 1922. Plaintiff refused to accede to this request unless he was indemnified against a decline in the price of the articles contracted for. The defendant refused to enter into such an agreement, and

thereafter and some time during the month of July, 1921, in lieu of accepting delivery he agreed to pay plaintiff the difference between the contract price and the then market price of the bags, the price having materially declined, this difference amounting to the sum for which the note in question was given.

As a defense to the action the defendant in his answer alleges that at the time the note was executed plaintiff represented to him that he had on hand the bags and twine contracted for, and that failure on the part of the defendant to accept delivery would result in the loss to him of the amount of the note. It is then alleged that defendant, believing and relying upon said representations and statements, executed the instrument sued upon. Then follows an allegation that at no time did the plaintiff have on hand the bags and twine, and that he had simply "shorted" the market in anticipation that the price of the articles contracted for would drop prior to the time specified for delivery. It is the claim of the defendant that under these circumstances and at the time he executed the note a fraud was committed upon him, for the reason that the plaintiff had not acquired the bags and twine, and was therefore in no position to place him in default.

No question is here raised that the contract in question is invalid or unenforceable by reason of the fact that the seller at the time of entering into the contract did not have in his possession the subject matter of the contract. Plaintiff had "shorted" the market; but it is conceded, as indeed it must be, that he was well within his rights in so doing, as the bags and twine were to be used by the defendant in his business. (*Central Oil Co.* v. *Southern Refining Co.*, 154 Cal. 165 [97 Pac. 177]; 35 Cyc. 46.)

[1] It is insisted, however, that as the plaintiff did not have the bags and twine on hand at the time the note was given in settlement of the transaction he suffered no loss in actual money, and had, therefore, no remedy against the buyer, and that the statement by him that he had the goods on hand amounted to a deception and a fraud upon defendant in the execution of the note such as ought to defeat a recovery. In support of this contention it is claimed that the remedy of plaintiff for the refusal of defendant to accept and pay for the property is clearly defined by section

3311 of the Civil Code, which provides for the measure of damages upon the breach of executory contracts, and that the theory embodied in that section contemplates and has as its very essence and foundation possession of the subject matter of the contract by the vendor as a condition precedent to his right to indemnify himself for his loss by reason of the refusal of the vendee to take the property.

We see no merit in this contention. There is no question that the section invoked does contemplate possession by the vendor of personal property which has been the subject matter of an executory contract of sale, as its very object and purpose is to establish a measure of damages in the event of a breach of such agreement where title and possession of the goods are in the vendor. It by no means follows, however, that the provision was ever intended to exclude a recovery upon a breach of a contract in every case where the seller is not possessed of the property sold. Any property which, if in existence, might be the subject of a sale may be the subject of an agreement of sale whether in existence or not. (Civ. Code, sec. 1730.) True, when delivery is demanded it is essential for the seller to have possession of the articles contracted for in order to fulfill his obligation.

[2] The case comes here on the judgment-roll alone. Defendant does not contend by his pleading that it was inherently impossible for plaintiff to have acquired the bags and twine. In fact, the possibility of performance is not questioned, and ability by the seller to procure the articles is in a way acknowledged, for it is alleged by the defendant himself that there was a drop in the market price of the bags and twine contracted for. Had delivery been demanded it would have been the duty of plaintiff to procure the articles contracted for and tender them, but he was not bound to do so in order to put defendant in default when he was notified by defendant that his crop had failed and that he would have no need for the same. The law does not require idle acts. It is manifest from defendant's pleading that he did not desire a delivery; and his very act in entering into a settlement in lieu thereof evidences his intention in that regard. Under such circumstances plaintiff was justified in anticipating a breach of the contract, and was not required to possess himself of the articles contracted

for. [3] The rule upon the subject is expressed in 13 C. J. 633, where it is said that where the tenderee takes any position which would render a tender a vain and idle ceremony a tender is waived. (See, also, 24 R. C. L. (Sales), sec. 384; *Pierce* v. *Lukens,* 144 Cal. 397 [77 Pac. 996]; *Howard* v. *Galbraith,* 13 Cal. App. 373 [109 Pac. 889].)

Appellant complains of the fact that plaintiff suffered no actual loss in money. This may be true, but he certainly was entitled to the profits which he derived from the transaction. The note was therefore supported by a sufficient consideration. It was given in settlement and compromise of defendant's obligation. (*Wetzel* v. *Cale,* 175 Cal. 208 [165 Pac. 692].)

From what we have said it follows that defendant's answer presents no defense to the action, and that the judgment rendered on the pleading should be, and it is, hereby affirmed.

Richards, J., and St. Sure, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 21, 1923.

All the Justices present concurred.