DRUG Co. OF PUERTO RICO, INC., demandante y apelada, *v.* NEFTALÍ MIRANDA, demandado y apelante.

Núm. 7255.—*Sometido:* Marzo 2, 1936. *Resuelto:* Julio 30, 1936.

*Valentín Polanco de Jesús,* abogado del apelante; *J. Henri Brown, G. E. González* y *G. Benítez Gautier,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Por la prueba no tenemos duda alguna de que la corte tenía derecho a creer que la demandante vendió drogas al demandado y que de tiempo en tiempo expidió giros contra éste, que fueron aceptados por él posteriormente. Al momento de radicarse la demanda en este caso, existían varias

letras de cambio aceptadas por el demandado. Cada uno de estos giros contenía la condición de que si se dejaba de pagar alguno de ellos a su vencimiento todos los demás giros, obligaciones o cuentas adeudadas por el demandado se considerarían vencidos. La primera de esta serie de letras de cambio venció y no fué pagada, y en su consecuencia la demandante inició litigio para recobrar el importe de todos los supuestos giros. También existía una cuenta corriente ascendente a $51.50, son respecto a la cual se adujo una causa de acción separada.

Durante el juicio, y ante este tribunal, la única defensa semiseria presentada por el apelante es más o menos al efecto de que la demandante y el demandado tenían entre sí una relación que equivalía a una cuenta corriente, y que aunque el demandado aceptó ciertas letras de cambio expedidas por la demandante, mensualmente cuando el demandado hacía ciertos depósitos y compraba más efectos, se libraban nuevos giros que representaban el verdadero estado de la cuenta. El demandado también sostuvo que la demandante instó este recurso sin notificarle o sin darle la oportunidad de pagar.

La Corte de Distrito de Arecibo halló que no se habían acreditado ciertos pagos, los dedujo del importe total adeudado y dictó sentencia por el remanente. La prueba sostenía plenamente la sentencia. La costumbre en que el demandado trataba de descansar no era obligatoria para la demandante y ésta podía cambiar de criterio en cualquier momento. La idea contraria se reduciría al absurdo de que una persona que tiene obligaciones vencidas que de tiempo en tiempo son renovadas al efectuarse el pago, podría hacer que la obligación continuara pendiente por tiempo indefinido. No era necesario tal aviso.

El apelante en su alegato dice que la corte consideró el caso como si se tratara de una cuenta corriente. No encontramos que esto sea cierto. Aun si lo fuera, ello sólo respondería a la contención misma del propio apelante. Si los

giros por alguna razón no eran válidos como tales, la demandante hubiera tenido derecho a demandar en cobro del importe de los efectos vendidos y entregados o sobre una cuenta corriente por el dinero insoluto. Entonces la corte hubiera podido dictar sentencia a base de esta demanda. Después de todo, las letras de cambio únicamente son prueba de la existencia de una deuda.

El caso se halla ante nos mediante una moción para desestimar el recurso por frívolo. Convenimos con la apelada y *debe desestimarse el recurso.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.