Eloísa Saldaña Muñoz, Plaintiff and Appellee, *v.*
Eloy Rodríguez Díaz, Defendant and Appellant.

No. 6981.   Argued November 5, 1936.—Decided November 30, 1936.

*Llorens Torres & O'Neill* for appellant.   *Enrique Báez García* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

On October 21, 1933, Eloy Rodríguez Díaz signed and delivered to Eloísa Saldaña Muñoz a promissory note for $1,800, which he agreed to pay in monthly installments of $75 each, beginning on the said date, with interest at 9% per annum, and with the provision that *"if two installments should be due and unpaid, the creditor could declare the entire debt due."*

The defendant paid the installments corresponding to the months of November and December, 1933 and January and February, 1934, the last installment being paid by a check issued on March 31, 1934, for $81.64, which included interest. Since then Rodríguez has paid nothing, for although it is true that on May 14, 1934, he sent a check to the plaintiff for $86.25 in payment of the installment corresponding to March 27, 1934, as the check itself states, the check could not be cashed because the defendant did not sign it.

The complaint was filed on May 16, 1934. The defendant demurred to the complaint on the ground that it does not

state facts sufficient to constitute a cause of action. The demurrer was overruled, and after an answer and trial the lower court rendered judgment for the plaintiff.

In his brief the defendant raises only one question. He insists that the demurrer should have been sustained because nowhere in the complaint is it alleged that the creditor in any way declared the entire debt due. In the appellant's opinion the declaration of the maturity of the debt was essential in order to bind Rodríguez to pay the total debt instead of the two monthy installments which he failed to pay.

The appellant cites four cases in support of his point of view. The first, *Cox v. Delmas,* 99 Cal. 104, 33 Pac. 836, does not support the doctrine invoked. It was an action brought by a client to recover a certain sum of money collected by his attorney in his name. It was held that in this case it was not necessary to allege a previous demand. Later the court, in the course of the opinion, by way of dictum, stated the following conclusions, which the appellant copies in his brief:

"It is clear that when a demand is an integral part of the cause of action, as when the duty to pay, or to deliver property, or to do some act, does not arise until after demand, then, as a general rule, a demand must be averred; but that when the time had come for doing the act, and it was the duty of the defendant to do it unconditionally, then no demand other than the suit itself is necessary."

Immediately thereafter the court says:

"Of course, the difficulty lies in applying the rule to particular cases; but the reason of the rule requiring a demand is that it would be unjust and inequitable to subject a defendant to litigation without first notifying him of plaintiff's claim so that he might have an opportunity of compliance with it without the annoyance and expense of a suit."

In *Danielson v. Neal,* 164 Cal. 748, where an action was brought for the reformation of a will, it was alleged that a previous demand was necessary to bring the action. The

Supreme Court, citing the case of *Cox* v. *Delman,* supra, expressed itself thus:

"In support of the judgment respondent contends that this action for reformation will not lie without a demand previously made, which demand is not here alleged. There is authority supporting this view, but such is not the rule of decision in this state, nor is it the rule of general adoption. Wherever a right arises or is dependent upon demand; in other words, when the demand is an integral part of the cause of action, it must be made before action brought. But when it is an unconditional duty of a defendant to perform a certain act, the suit itself is the only demand necessary. (Citations.)"

As we have seen, in *Cox* v. *Delman,* supra, the court, on the facts of the case, held that a demand was not necessary, and later added that when the duty to pay, or to deliver property, or to do some act, does not arise until after demand, then the latter is necessary as a condition precedent to the action. The conclusions stated in the case cited are far from supporting the contention made by the defendant-appellant. The same California court, in a subsequent decision (*Wetzel* v. *Cale,* 175 Cal. 208), clearly expresses its opinion in the following terms:

"It was not necessary for the plaintiff to allege, or for the court to find, that plaintiff had elected, after an installment had been five days overdue, to declare the entire sum payable. The complaint set forth the facts which authorized the holder to exercise this right, and the commencement of the action to recover the full amount is, in itself, an exercise of the option and a sufficient notice thereof. (Citations.)"

The facts on which the foregoing conclusions are based are very similar, if not identical, to those which gave rise to this action.

In both cases the creditor was authorized to declare the entire amount of the obligation due and payable if the debtor should fail to pay any of the agreed installments after maturity. In the promissory note alleged in *Wetzel* v. *Cale,* supra, it was said that in case any installment should be

five days overdue, the entire principal and unpaid interest would become due and payable at the election of the holder of the note. In accordance with the promissory note signed by defendant Rodríguez, the creditor may also declare the entire amount of the debt due when the debtor has failed to pay two installments on their due dates.

The appellant also cites the case of *Whitton* v. *Whitton,* 75 Am. Dec. 163, in which a demurrer to the complaint on the ground that it did not show a demand before the action was brought was overruled. The facts of that case refer to a conveyance of property owned in common. The appellant copies the following from the opinion of the court:

"Where it any way depends on the pleasure of the party in what manner or at what time a thing shall be done, or whether it shall be done at all, the party must request performance of a condition: Com. Dig., tit. Pleader, C. 69."

Immediately after the above words copied by the appellant the court says:

"That is not this case, and I have found no other case where a special request is held necessary unless it is so expressed in the contract."

The case of *Basse* v. *Gallegger,* 76 Am. Dec. 225, decided in 1858, is the only one which seems to support the point of view of the appellant, although it refers to mortgage cases. The syllabus of this case states the facts and the opinion of the Wisconsin court as follows:

"Mortgagee must give notice of his election that the principal shall become due and collectible, because of a default made by the mortgagor, where the mortgage provides that the principal shall, upon such a default, become immediately due and collectible, as the option of the mortgagee. Until such notice is duly given, said principal does not become due."

The decisions which hold that notice is not necessary in those cases in which the creditor may declare the debt due, at his option, when one of the installments has not been paid are abundant.

In *Hartge* v. *Capeloto et al.*, 241 P. 5, the Supreme Court of Washington said:

"It is contended in behalf of Capeloto that in any event Hartge is not entitled to recovery upon the theory of acceleration of the due date of the whole indebtedness, because of Hartge's failure to effectually so elect. Our decision in *Cook* v. *Strelau*, 127 Wash. 128, 219 P. 846, seems to us decisive against this contention; that holding, in harmony with prior observations of the court therein noticed, being that the commencement of an action seeking recovery upon the theory of acceleration of the due date of the whole indebtedness because of default in payments of installments agreed to be paid, as in this note, is of itself a sufficient election to that end. 8 C. J. 417."

In 8 C. J. 417 we find the following:

"The holder need not give the maker notice of his election to declare the note due for nonpayment of interest or other default, unless there is some provision therefor. In the absence of such a provision, the commencement of an action on the instrument, or of foreclosure proceedings, is a sufficient election."

In *Drug Co.* v. *Miranda*, ante, p. 508, recently decided, this court holds that where several drafts are accepted on the condition that upon failure to pay any of them at maturity all the others will be considered due, the holder may bring action to recover the entire amount of the drafts without the necessity of previous notice to the debtor or of giving him an opportunity to pay. Although in this case it is expressly stated that if any of the drafts should not be paid at maturity, all the other obligations would become due, the principle which is applicable is the same, since in either case the creditor may or may not, at his option, make use of the right to recover judicially the entire amount of the debt.

The lower court did not err in overruling the demurrer for failure to state a cause of action. Furthermore, as a question of fact, the defendant has not denied the existence of the debt, nor has he made any offer to pay during the course of the litigation. The complaint was filed on February 25, 1935. The debtor simply wishes the creditor to

give him notice of the maturity of the entire debt in order that, in his opinion, she may have the right to claim judicially the performance of the obligation. In other words, the defendant wishes the complaint dismissed in order that the creditor may inform him of what he has known for some time. The defendant was not ignorant of the fact that if he should fail to pay two of the installments agreed upon, the creditor could declare the entire amount of the obligation due. Upon failing to pay these two installments he must have known that the plaintiff could exercise her option. The filing of the complaint constitutes a clear and explicit notice that the option has been exercised.

The judgment appealed from must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.