ELOÍSA SALDAÑA MUÑOZ, demandante y apelada, *v.* ELOY RODRÍGUEZ DÍAZ, demandado y apelante.

Núm. 6981.—*Sometido:* Noviembre 5, 1936. *Resuelto:* Noviembre 30, 1936.

*Llorens Torres & O'Neill,* abogados del apelante; *Enrique Báez García,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En 21 de octubre de 1933, Eloy Rodríguez Díaz suscribió y entregó a Eloísa Saldaña Muñoz un pagaré por la suma de $1,800, que se obligó a satisfacer a razón de $75 mensuales, a partir de dicho día, con intereses al 9 por ciento anual, y con la estipulación de que *"vencidos y no satisfechos dos plazos de amortización, la acreedora podía declarar vencida la dueda en su totalidad."*

Satisfizo el demandado las mensualidades correspondientes a los meses de noviembre y diciembre de 1933 y enero y febrero de 1934, este último plazo mediante un che-

que expedido el 31 de marzo de 1934, por $81.64, estando en él incluídos los intereses. Desde entonces acá nada ha satisfecho Rodríguez, pues si bien es cierto que en 14 de mayo de 1934 remitió un cheque a la demandante por $86.25 para el pago de la mensualidad correspondiente al 27 de marzo de 1934, según expresa el mismo cheque, éste no pudo ser satisfecho porque no lo firmó el demandado.

La demanda se presentó en mayo 16, 1934. El demandado excepcionó dicha demanda sobre la base de que la misma no aduce hechos suficientes para constituir una causa de acción. La excepción fué desestimada, y contestada la demanda y celebrado juicio, el tribunal inferior dictó sentencia declarando con lugar la demanda.

En su alegato el demandado suscita solamente una cuestión. Insiste en que la excepción previa debió haber sido sostenida porque en ninguna parte de la demanda se alega que la acreedora declarara en forma alguna vencida la obligación total de pagar. A juicio del apelante, la declaración de vencimiento de la deuda era esencial para que el Sr. Rodríguez viniese obligado a satisfacer la totalidad de la deuda en vez de las dos mensualidades que dejó de satisfacer.

Cuatro son los casos citados por el apelante en apoyo de sus puntos de vista. El primero, *Cox* v. *Delmas,* 99 Cal. 104, 33 P. 836, no sostiene la doctrina invocada. Fué ésta una acción iniciada por un cliente en reclamación de cierta suma de dinero cobrada por su abogado en su nombre. Se sostuvo que en este caso no fué necesario alegar previo requerimiento de pago. Luego la corte, a manera de *dictum,* sostuvo en el curso de la opinión las siguientes conclusiones, que el apelante copia en su alegato:

"Es claro que cuando el requerimiento es una parte integrante de la causa de acción, como cuando el deber de pagar o de entregar propiedad, o de ejecutar algún acto, no surge hasta después de ese requerimiento, entonces la regla general es que debe alegarse una previa demanda; pero cuando ha vencido el tiempo para ejecutar

el acto y el demandado tenía el deber de ejecutarlo incondicionalmente, entonces no es necesario otro requerimiento que la radicación del pleito.''

Inmediatamente después dice la corte:

''Desde luego, la dificultad estriba en aplicar la regla a cada caso en particular; pero la razón de la misma para exigir el requerimiento es que sería injusto e inequitativo someter a un demandado a un litigio sin notificarle antes la reclamación del demandante, para que dicho demandado tenga la oportunidad de satisfacer la reclamación sin las molestias y gastos de un litigio.''

En *Danielsen* v. *Neal,* 164 Cal. 748, donde se promovió una acción para la reforma de un testamento, se alegó que para establecer la acción era necesaria una previa demanda. La Corte Suprema, citando el caso de *Cox* v. *Delmas,* supra, se expresó así:

''En apoyo de la sentencia, alega el demandado que esta acción para la reforma del testamento no puede originarse sin una demanda previa, que no ha sido alegada. Hay alguna autoridad en apoyo de este criterio, pero no es ésta la regla de decisión en nuestro estado, ni tampoco la regla de adopción general. Cuando un derecho se origina o depende de una demanda previa, en otras palabras, cuando la demanda es una parte integrante de la causa de acción, opinamos que debe hacerse antes de promoverse el litigio. Pero cuando existe un deber incondicional de parte del demandado de ejecutar cierto acto, la radicación del pleito es la única demanda necesaria. (Citas.)''

Como hemos visto, en *Cox* v. *Delmas,* supra, la corte, ajustándose a los hechos, resolvió que no fué necesario el requerimiento de pago, añadiendo luego que cuando el deber de pagar o de entregar propiedad o de ejecutar algún acto, surge después del requerimiento, entonces éste es necesario como una condición precedente para promover la acción. Las conclusiones mantenidas en el caso citado distan mucho de sostener el criterio sustentado por el demandado apelante. El mismo tribunal californiano, en una decisión pos-

terior (*Wetzel* v. *Cale,* 175 Cal. 208), expone claramente su criterio en los siguientes términos:

"El demandante no tuvo necesidad de alegar, ni la corte de concluir, que había elegido, después de cinco días de vencido un plazo, declarar vencida la suma total. La demanda establece los hechos que autorizan al tenedor del pagaré a ejercer este derecho, y el comienzo de la acción para recobrar la suma total constituye en sí mismo un ejercicio de la opción y una notificación suficiente. (Citas.)"

Los hechos que sirvieron de base a las conclusiones que anteceden son muy parecidos, si no idénticos, a los que han dado origen al presente litigio. En ambos casos el acreedor quedó autorizado para declarar vencida y exigible la totalidad de la obligación, cuando el deudor dejase de pagar, después de su vencimiento, alguno de los plazos convenidos. En el pagaré alegado en *Wetzel* v. *Cale,* supra, se decía que en caso de que cualquier plazo no fuese satisfecho dentro de los cinco días después de vencido, la totalidad de la suma principal y de los intereses no satisfechos quedaría vencida y sería exigible *at the election of the holder of the note.* De acuerdo con el pagaré suscrito por el demandado Rodríguez, el acreedor puede también declarar vencida la totalidad de la deuda cuando el deudor ha dejado de satisfacer a su vencimiento dos de los plazos convenidos.

Cita también el apelante el caso de *Whitton* v. *Whitton,* 75 Am. Dec. 163, donde se declara sin lugar una excepción previa a una demanda basada en el hecho de que dicha demanda no establece el requerimiento previo antes de iniciarse la acción. Los hechos en este caso se refieren a traspasos de bienes inmuebles poseídos en comunidad. El apelante copia lo siguiente de la opinión del tribunal:

"Cuando en alguna forma depende de la voluntad de la parte de qué manera o en qué fecha una cosa deba hacerse, *or whether it shall be done at all,* la parte debe requerir la ejecución de una condición; Com. Dig., tit. Pleader, C. 69."

A raíz de las anteriores palabras copiadas por el apelante, dice el juez ponente:

"Este no es el caso y yo no he encontrado otro caso donde un requerimiento especial haya sido necesario a menos que así se exprese en el contrato."

El caso de *Basse* v. *Gallegger,* 76 Am. Dec. 225, resuelto en 1858, es el único que parece sostener los puntos de vista del apelante, aunque se refiere a casos de hipoteca. El *syllabus* de este caso expone los hechos y el criterio de la corte de Wisconsin, como sigue:

"El acreedor hipotecario debe dar aviso de. su elección de que el principal ha vencido y es exigible, cuando el deudor hipotecario ha incurrido en mora, si la hipoteca dispone que el principal, en caso de mora, quedará inmediatamente vencido y será exigible a elección del acreedor. Hasta que tal aviso haya sido dado, dicho principal no queda vencido."

La jurisprudencia que sostiene que el aviso no es necesario en aquellos casos en que el acreedor puede declarar vencida la deuda a su elección, cuando se ha dejado de satisfacer alguno de los plazos, es abundante.

En *Hartge* v. *Capeloto et al.,* 241 P. 5, la Corte Suprema de Washington se expresó así:

"Se sostiene a nombre de Capeloto que sea ello como fuere Hartge no tiene derecho a recobrar suma alguna en la teoría de que toda la deuda ha vencido, debido a que él ha dejado efectivamente de hacer tal elección. Nuestra decisión en Cook v. Strelau, 127 Wash. 128, 129 p. 846, nos parece decisiva en contra de esta contención. Esa resolución, en armonía con observaciones anteriores de la corte allí mencionadas, siendo al efecto de que la iniciación de un recurso tendente a recobrar determinada cantidad en la teoría de que toda la deuda ha vencido debido a la falta de pago de los. plazos convenidos, como sucede en este pagaré, constituye de por sí suficiente elección a ese respecto. 8 C. J. 417."

En 8 C. J. 417 hallamos lo siguiente:

"No es necesario que el tenedor notifique al librador que ha elegido considerar el pagaré vencido por falta de pago de los intereses: o por otro motivo, a menos que haya una disposición a ese respecto.

En ausencia de esto, la iniciación de un recurso en cobro del documento, o de un procedimiento ejecutivo, constituye suficiente elección.''

En *Drug Co.* v. *Miranda,* 50 D.P.R. 531, recientemente resuelto, esta corte sostiene que aceptadas varias letras de cambio conteniendo la condición de que, de dejarse de pagar alguna de ellas a su vencimiento, todas las demás se considerarían vencidas, el tenedor puede instar acción para recobrar el importe total de las mismas sin necesidad de notificar previamente al deudor ni darle oportunidad de pagar. Aunque en este caso se dice expresamente que si se dejaba de pagar alguna de las letras de cambio a su vencimiento, todas las demás obligaciones quedarían vencidas, el principio aplicable es el mismo, ya que en uno y otro caso el acreedor puede utilizar o no, a su elección, el derecho de reclamar judicialmente la totalidad de la deuda.

No cometió error la corte inferior al declarar sin lugar la excepción de falta de causa de acción. Además, como cuestión de hecho, el demandado no ha negado la existencia de la deuda ni ha hecho oferta alguna de pago durante la tramitación del litigio. La demanda fué radicada en 25 de febrero de 1935. El deudor simplemente desea que el acreedor le informe el vencimiento de la totalidad de la deuda para que a su juicio pueda tener el derecho de reclamar judicialmente el cumplimiento de la obligación. En otras palabras, el demandado desea que la demanda sea desestimada para que el acreedor le informe de lo que ya desde hace tiempo conoce. No ignoraba el demandado que si dejaba de pagar dos de los plazos convenidos, la acreedora podía declarar vencida la totalidad de la obligación contraída. Al dejar de satisfacer estos dos plazos debió saber que la demandante podía ejercitar su derecho de elección. La interposición de la demanda constituye una notificación clara y explícita de que la elección ha sido hecha.

*Debe confirmarse la sentencia apelada.*

El Juez Presidente Señor del Toro no intervino.